Ashton v. Miles.

---

### ASHTON ET AL. V. MILES.

1. **Administrator:** NOTICE OF FILING CLAIMS. The filing of a claim advises the administrator that the claim is made only when the administrator has received notice thereof as contemplated by statute.

2. ———: ANCILLARY ADMINISTRATION. It is not the duty of an ancillary administrator to report the condition of the principal estate.

3. ———: PAYMENT TO HIMSELF. Where an administrator, as a pretended creditor of the estate, procures an allowance of his claim by fraud, the court, in a proper proceeding, may set aside the allowance, but it cannot be assailed by an exception to his report.

*Appeal from Jackson Circuit Court.*

WEDNESDAY, DECEMBER 4.

THE defendant is administrator of the estate of J. W. Watson, deceased. The plaintiffs are creditors of the estate. As

such they filed exceptions to the administrator's report. The court overruled the exceptions, and from the order overruling them they have taken this appeal.

*Stewart & White* and *G. L. Johnson,* for appellants.

*A. R. Cotton, John Hilsinger, L. A. Ellis* and *Frank Amos,* for appellee.

ADAMS, J.—Watson died in Wisconsin and letters of administration were issued in that State. There were, however, certain assets belonging to the estate in Jackson county, Iowa, and certain creditors resided in that county. Ancillary administration, therefore, was granted in that county, and the defendant, J. W. Miles, was appointed administrator. The appointment was made in April, 1876, and notice of the appointment was given immediately thereafter. Within six months from the giving of notice several claims were filed, among which were claims belonging to the appellants Andrew Ashton and Ashton Bros., amounting to about seven thousand dollars. On the 9th day of May, 1877, the administrator filed what he called his final report and settlement. All the claims filed had been allowed except the appellants' claims. On them no action of any kind had been taken. No notice of the claims had been served upon the administrator. The report showed the assets which had come into the administrator's hands, and the payment of all claims which had been allowed, and showed a balance in his hands of one hundred and eighty-five dollars and fifty-eight cents. In regard to the appellants' claims it showed nothing. The court approved the report and ordered that the administrator be discharged upon paying the surplus in his hands to the principal administrator, and filing a voucher therefor. By a mistake of the clerk the order was so entered as to show a present discharge. Before the surplus was paid to the principal administrator, and before the administrator was entitled to a discharge, the appellants moved that the entry be expunged from the record. The court sustained the motion

Ashton v. Miles.

so far as to order that part expunged which showed a present discharge. The court also granted leave to the appellants to file exceptions to the report. They filed exceptions April 27, 1878. Soon afterward the appellants' claims were allowed and approved, but the exceptions to the report were overruled. The overruling of the exceptions is assigned as error.

An exception was taken to the report upon the ground that it did not show that appellants' claims had been filed. The administrator had already paid in full the claims allowed, leaving in his hands only one hundred and eighty-five dollars and fifty-eight cents. These payments he reported, and he asked and obtained from the court approval of the payments. The appellants contend that these payments in full should not have been approved, and would not have been if the administrator had reported their claims as he should have done. They cite *Noble v. Morray, Administrator*, 19 Iowa, 510. In that case the court said: "The filing advises the administrator that the claim is made, and he must regulate his disbursement of the assets accordingly." The question, however, in that case was simply as to whether the filing of a claim within six months after notice of the granting of letters of administration fixed its character as a claim of the third class, without reference to the time it is established by evidence. The court held that it did. It follows, of course, that mere delay in establishing a claim of a given class would not, where there is a deficiency of assets, justify the administrator in paying in full the claims of that class which had been allowed, in disregard of the claim that was pending. But the difficulty with which the appellants have to contend is not that they had failed to establish their claims at the time payment of the other claims was made and approved. They had served no notice upon the administrator of the filing of their claims. In *Noble v. Morray, Administrator*, it may be presumed that notice had been served.

While, therefore, the language of the opinion is that "the

filing advises the administrator that the claim is made," it must be understood to mean that such is the effect of the filing where the administrator has been notified of the filing as the statute contemplates. This must be so unless the law is that an administrator about to make payments must take notice at his peril of all claims filed. We understand the appellants' theory to be that he must; but, if this is so, the administrator could never make payments with entire safety. If he made the payments with his eyes upon the files in the case, so far as he could discover them, he would not be certain that he had discovered all. We think that the administrator should not be subjected to that peril. Besides, where the law provides that a person shall be served with notice of a fact, it will not, we think, presume that he has knowledge of the fact independent of the notice. But the appellants contend that they do not need to rely upon such presumption; they contend that the evidence shows that the administrator did have knowledge in fact. It is sufficient to say that he denies it, and the evidence is conflicting. But we may also say that we think that the only proper evidence would be the notice and return provided by law, and that other evidence was improperly admitted.

After the expiration of six months it was the duty of the administrator, there being no pending claims of which he had been notified, to pay off all third-class claims, so far as the funds in his hands would enable him to do so. Having so used the funds he cannot be made liable because they are insufficient to pay the appellants.

Another exception to the report is based upon the fact that it does not show that the principal estate is insolvent. But it **: an- cillary admin- istration.** does not appear to us that the ancillary adminis- trator was charged with the duty of reporting the condition of the principal estate. It is possible that under certain circumstances it would be allowable for claimants to show the condition of the principal estate in the forum of the ancillary administration. But, however that may be, until

it is so shown we think that the ancillary administrator should proceed without reference to the condition of the principal estate.

Another exception is based upon the fact that the report shows a payment by the administrator to himself of a certain · claim allowed in his favor. But the real matter complained of is not an error in the report, but a wrongful act in obtaining the allowance of the claim. The appellants aver that the true amount due the administrator was only about one hundred and eighty dollars, but that by fraud and collusion with the special administrator he obtained an allowance of six hundred and fifty-two dollars and ninety-eight cents. Where an administrator, as a pretended creditor of the estate, procures an allowance of his claim by fraud, it would be the duty of a court, in a proper proceeding for that purpose, to set the allowance aside. Code, § 2474. But we do not think it can be done by a mere exception to his report. An allowance of a claim against an estate, although not a judgment, is the result of an adjudication. There must be the same presumption in its favor as in favor of a judgment. If it is to be assailed upon the ground that it was fraudulently obtained, it should be done, we think, in an action brought for that purpose, with the proper averments and parties. But whether the appellants' method of raising the question was proper or not, it appears that the court below proceeded to try the question. A large amount of evidence was taken, and we think that the action of the court in overruling the exception is not without support. Having the force of a verdict upon a question of fact, it cannot be disturbed.

3. ——: payment to himself.

Another exception to the report is that it shows certain expenditures which were improper, and ought not to have been allowed. The proper time to contest such items 'was when the report was approved, unless opened, as it might be on proper showing, within three months. *Patterson, Administrator, v. Bell*, 25 Iowa, 149. This, perhaps, would be conceded by appellants, but they say that they made their objec-

tions to the report within three months from the final action of the court. The fact is they made their objections nearly a year after the report was approved, but only a few days after the record entry was changed. But this change related only to the present discharge of the administrator. The record showing the approval of the report had been properly made, and the entry, to that extent, was allowed to stand. We see no error in the rulings of the Circuit Court.

AFFIRMED.