WILLETT, ADM'R, v. MALLI ET AL.

65   675<br>e128 107

1. **Estates of Decedents:** DISTURBANCE OF GIFT TO PAY EXPENSES OF ADMINISTRATION. A gift made by the decedent in his life-time will not be disturbed and charged with the expenses of administering the estate, unless it be such expenses as may be incurred in setting aside the gift for some lawful purpose.

2. ———: ALLOWANCE OF CLAIM: HOW FAR BINDING UPON HEIRS AND GRANTEES OF DECEDENT. The allowance of a claim against an estate in an action to which the heirs are not made parties is *prima facie* evidence, as against them, of the correctness and validity of the claim, in a proceeding to subject the real estate which they have inherited to its payment; but it is not conclusive. And such allowance is not even *prima facie* evidence against the heirs in a proceeding to subject real estate to the payment of the claim, on the ground, substantially, that the decedent in his life-time conveyed to them the real estate without consideration, and for the purpose of defrauding creditors; for as *grantees* they are in no way represented by the administrator.

3. **Former Adjudication:** PARTIES TO: WHO ARE NOT. The fact that defendants took counsel and contemplated the employment of attorneys to aid the administrator of their father's estate in resisting a claim against the estate, did not make them parties to the proceeding so as to constitute the allowance of the claim an adjudication binding upon them.

*Appeal from Winneshiek District Court.*

WEDNESDAY, APRIL 8.

THIS action in equity was brought by the plaintiff, as the administrator of the estate of Franz Malli, deceased, to subject to the payment of the debts of the estate certain real estate, the legal title to which is in the defendants. The court granted the relief prayed, and the defendants appeal.

·· *Baylies & Baylies*, for appellants.

' *Willett & Willett* and *Brown & Portman*, for appellee. ·

ADAMS, J.—The plaintiff avers in his petition, in substance, that a claim has been allowed against the estate of his intestate for about $1,400, in favor of one Christina Malli; that the expenses of administration amount to about $500; that the claim and expenses are wholly unpaid; and that there are no legal assets of the estate. He further avers, in substance, that the land in question, standing in the defendant's name, is equitably liable for the payment of the claim and expenses; that the decedent in his life-time was the owner of certain notes, secured upon the land in question by a mortgage; that he assigned the notes and mortgage to his sons without consideration, and in fraud of his creditors; that they foreclosed the mortgage, and acquired the land in question through the foreclosure, and now hold the same subject to the liabilities of the estate. The assignees, with the exception of one who died, are made defendants. One Louise Schlenker is also made defendant, as having acquired an interest in the land since the foreclosure. The history of the claim of Christina Malli is set out in the opinion of Mr. Justice ROTHROCK in *Malli v. Willett*, 57 Iowa, 705. In the view which we have taken of the case, it will not be necessary to make a more specific reference to it.

· I. The evidence shows that the assignment of the notes and mortgage by the decedent to his sons was substantially a gift. This being so, it is contended by the plaintiff that the land acquired through the foreclosure is chargeable as an equitable asset for the payment of the claim set out, and the expenses of administration. The defendants contend that the land at most is chargeable only for the payment of indebtedness existing at the time of the assignment, and they contend that the indebtedness which the plaintiff is seeking to charge

1. ESTATES of decedent: disturbance of gift to pay expenses of administration.

upon the land has arisen since the assignment. This, of course, is true, so far as the expenses of administration are concerned, and we think that as to them the defendant's position must be sustained. Our attention has been called to no case where a gift made by the decedent has been disturbed for the purpose of defraying such expenses. We do not say that the expense of subjecting the land might not be charged upon the land, but the expenses set out in the petition, are, of course, not of this class. They must be deemed to have accrued in administering upon other assets, and such expenses should, we think, have been paid out of such assets.

As to the claim of Christina Malli, it is unnecessary to consider when it arose. We think that there is no averment

2. ———: allowance of claim: how far binding upon heirs and grantees of decedent. or evidence by which it can be charged upon this land. The averment and evidence show merely the allowance of the claim, and do not show that it was a valid claim independent of the allowance. The plaintiff contends that the allowance is an adjudication; that it is binding upon the defendants; and that it is sufficient to plead it and prove it.

It may be conceded that the allowance of a claim is an adjudication, and, if fairly obtained, is binding upon the administrator, who is actually before the court, and upon the other creditors, who may be deemed to be represented by him. *Ashton v. Miles*, 49 Iowa, 568. But the defendants were not before the court, neither could they be deemed to be represented. They were not even heirs, so far as the land in question was concerned. Under the averments of the petition, they held it as a gift, and in fraud of creditors. The administrator, then, in defending the claim, did not owe them any duty, and, if this is so, it cannot be said that even an official defense was made in their behalf.

We are aware that a judgment rendered against a fraudulent grantor may be pleaded as conclusive against the fraudulent grantee. It was so held in *Strong v. Lawrence*, 58 Iowa, 55. But that case differs from the case at bar in this: the

judgment defendant was charged personally.   Besides, a judg-
ment is or may be made a lien upon the debtor's interest in real
estate, legal or equitable.   Where it becomes a lien upon the
debtor's interest, (or upon what the courts may treat as such,)
there is much reason for holding it conclusive as against all
others who hold the real estate subordinate to such interest.
What precisely the rule is as to the evidence which the pro-
bate allowance of a claim becomes as against heirs, it is not
very important to determine.   It is manifest that they sus-
tain a relation to the administrator different from that of those
who have taken property from the decedent by gift, and who
are not necessarily interested as against the allowance.   But
the probate allowance of a claim is not, we think, so far as
real property is concerned, conclusive even as against heirs.
*Stone v. Wood*, 16 Ills., 177; *Mason v. Bair*, 33 Id., 206;
*Steele v. Lineberger*, 59 Pa. St., 308; *Hopkins v. Stout*, 6
Bush, (Ky.) 375.   It is held, it is true, in those cases that it
is evidence, but only *prima facie* evidence.   The plaintiff
relies upon those cases, because the probate allowance is held
to be *prima facie* evidence.   But there are two difficulties in
making those cases authoritative in the case at bar.   To make
them so, we should be obliged to hold that a rule applicable
to heirs is applicable to persons who acquired property from
the decedent by gift.   Again, issue cannot properly be ten-
dered and taken upon that which is merely evidence.   The
party relying upon the evidence should aver the fact of which
it is evidence.   In this case the allowance was pleaded as a
verity and issue tendered thereon.   What the defendants
desired to contest was, not the fact of the allowance, but the
correctness of the claim.   As to that there was no issue; and,
there being no issue in respect to it, no evidence was admis-
sible in respect to it.   Whether, if evidence had been intro-
duced in respect to it without objection, and the case tried as
if there was such issue, we could now properly reverse, we
need not determine.   Objection was made to all evidence
offered.   We see no way, then, in which the plaintiff can be

Willett, Adm'r, v. Malli et al.

sustained, except by holding that the allowance was. conclusive upon the defendants, and such ruling, it appears to us, would be unwarranted. In Bump, Fraud. Conv. 539, the author, while stating that the record of a judgment against the debtor is competent evidence against his grantee, says: "A judgment rendered against the debtor's administrator, whether domestic or foreign, is not competent evidence against the grantee;" citing *McDowell v. Goldsmith*, 24 Md., 214; *Baker v. Welch*, 4 Mo., 484; *Osgood v. Manhattan Co.*, 3 Cow., 612. See, also, *Donley v. McKiernan*, 62 Ala., 34; *Winslow v. Grindal*, 2 Greenl., (Me.) 64; *Beckett v. Selover*, 7 Cal., 215; *Buckham v. Grape, ante*, p. 535.

The plaintiff contends that the defendants are concluded by the allowance, because they made themselves parties to it by volunteering to resist it. We are inclined to think, though the evidence is not very clear, that the defendants took counsel, and contemplated the employment of attorneys to assist the administrator in resisting the claim. But no appearance was made for the defendants in the case, nor were their attorneys, if they had any, present at the trial. Whatever was done by the defendants, if anything, it appears to us, fell far short of making them parties to the allowance.

3. FORMER adjudication: parties to: who are not.

In our opinion the judgment must be

REVERSED.