ANNA M. NORTMAN, Appellee, v. ETTA LALLY, Executrix, Appellant.

APPEAL AND ERROR: Harmless Error—When Incompetent Testimony Harmless. The reception of incompetent testimony in the form of personal transactions with a deceased becomes inconsequential when the issue on which the testimony has bearing is established beyond question by other competent testimony.

EVIDENCE: Admissions—Admissions of Wife Against Husband. Admissions by a wife in the absence of the husband, tending to show that a claimant in probate had been employed in the business and had not been paid, are admissible against the estate of the husband when it appears that the wife was both the *general manager* of the business in question and a *partner* therein with her husband.

EVIDENCE: Declarations—Self-serving Declarations. Self-serving declarations of a husband or wife during their lifetime are inadmissible to negative a claim in probate against the estate of the husband.

**APPEAL AND ERROR:** Harmless Error—Exclusion and Subsequent
4  Reception of Evidence. Error in the exclusion of competent evi-
dence is fully cured by the subsequent reception of such testimony.

**APPEAL AND ERROR:** Excluding Question—Record Demonstrating
5  Non-error. No error results from excluding a question as to what a
party to the action said during a named conversation, when the
record otherwise shows that said party was not present at said
conversation.

**WORK AND LABOR:** Rendition—Mutual Expectations. One suing
6  for the value of services rendered need not show that he expected
to receive payment and that the defendant expected to make pay-
ment, when the claimant was not a member of the defendant's
family.

Headnote 1:  4 C. J. p. 982.  Headnote 2:  22 C. J. pp. 367, 402.
Headnote 3:  22 C. J. pp. 221, 228, 229.  Headnote 4:  4 C. J. p. 983.
Headnote 5:  4 C. J. p. 966.  Headnote 6:  40 Cyc. p. 2809.

Headnote 1:  2 R. C. L. 252.  Headnote 4:  2 R. C. L. 254.  Headnote
6:  11 L. R. A. (N. S.) 901; 28 R. C. L. 687.

*Appeal from Johnson District Court.*—RALPH OTTO, Judge.

OCTOBER 25, 1927.

Claim in probate for alleged services rendered to the de-
cedent in his lifetime. The substance of the defense was a
general denial and a plea of payment. There was a verdict for
the claimant, and judgment entered thereon, from which the
defendant, administratrix, has appealed.—*Affirmed.*

*A. E. Maine* and *Walter M. Davis,* for appellant.

*Byington & Rate* and *Messer, Clearman & Olsen,* for ap-
pellee.

EVANS, C. J.—The case presents a voluminous record, con-
taining a very large number of exceptions to rulings, many of
which are argued in detail. Upon a careful reading of the re-
cord, however, we find that its field of dispute is a very narrow
one, and that the alleged errors of the court, if such, outside
of that field were quite harmless, and without prejudice.

The decedent, Harvey Campbell, and his wife, Mary Camp-

bell, were engaged in the restaurant business at Iowa City from March, 1919, until the death of Mary Campbell, in July, 1923. The husband and wife owned the property jointly, and conducted the restaurant in partnership. Previous to this period, they had conducted the same business at the town of Silvis, in Illinois. They came from Silvis to Iowa City, the claimant, Anna Nortman, coming with them. She had been in their service at Silvis, and continued in their service at Iowa City. Both husband and wife were in ill health during the period of claimant's services, and she was their main helper in the conduct of their business. The wife died in July, 1923, and the husband died about two years later. The claimant pleaded that the husband and wife operated the restaurant in partnership, and that her services were rendered to the partnership. The defendant, administratrix, reiterated such averment, and predicated thereon a contention that the plaintiff should be required to establish her claim, if any, against the estate of Mary Campbell, as well as against that of Harvey Campbell. The defendant did not in terms admit the services of the claimant, neither did she in terms deny them. Apart from the general denial implied by the statute, the substance of the defense pleaded by the defendant was that the claimant had been fully paid for all her services. The issue tendered by this defense presents the only material dispute of fact that we can find in the record.

1. Appellant saved certain exceptions to the examination of the claimant, as a witness, wherein she described the nature of the service rendered by her in and about the restaurant. It

1. APPEAL AND ERROR: harmless error: when incompetent testimony harmless.
is urged by appellant that the facts testified to amount, in their implications, to a personal transaction between the witness and the deceased. We need not wrestle with this question. The fact that claimant rendered the services, and the nature of the services thus rendered, appeared overwhelmingly, and without dispute, from the testimony of both sides. If her testimony was properly objectionable on that issue, there could have been no prejudice.

2. The claimant introduced the testimony of several witnesses who testified to conversations with Mrs. Campbell, wherein certain statements were made by her. These were in the

2. EVIDENCE:
   admissions:
   admissions of
   wife against
   husband.

nature of admissions both of the employment of the claimant and that wages were due her and unpaid. Several of these conversations were not had in the presence of the decedent, Harvey Campbell. The appellant interposed objections to the examination of each witness, on the ground that statements of admission made by Mrs. Campbell in the absence of her husband were not admissible in this proceeding against the estate of the husband. We have already referred to the fact that the pleadings of both parties asserted the partnership between husband and wife. It further appears in evidence that the husband obtained the permit to conduct the business in his own name, and that in his application therefor he named his wife as the manager of the business. Whether, therefore, the wife was a partner, or was the manager of the business, she would, in either capacity, be authorized to employ the claimant. Whatever she did or said pertinent to that employment would be equally admissible against both her husband and herself. The many exceptions, therefore, predicated upon this line of testimony must be disregarded.

3. The defendant, administratrix, was examined by her counsel as a witness. She was the daughter of Harvey Campbell, and the stepdaughter of the wife, Mary Campbell. Her

3. EVIDENCE: dec-
   larations: self-
   serving decla-
   rations.

counsel sought to elicit from her, in her examination, certain conversations had with her stepmother as to the wages she was paying the claimant for her work. Objections were made to successive questions along that line, all of which were sustained. The evidence thus sought was clearly incompetent, and the objections properly sustained. Statements of deceased husband or wife would be admissible as against them, but would not be admissible in their own favor. The defendant also called several witnesses and put questions to them, tending to elicit evidence of statements made by the deceased and by his wife in their lifetime, which tended to negative the claim of the claimant. The appellant complains of the court's ruling in sustaining objections to all these questions. The evidence thus elicited was wholly self-serving. The argument for appellant at this point is that the claimant had introduced in her own behalf alleged conversations with each decedent, and that the administratrix

was, therefore, entitled to introduce the same kind of evidence, though to a contrary effect, and that the latter was admissible, in order to rebut the former. The argument is wholly untenable, for the same reason as already suggested in connection with the offered testimony of the administratrix, herself.

4. The defendant called the claimant herself as a witness. Among other questions, she propounded to her the following:

"Q. What did you pay him at that time, if you paid him anything, for the stock of goods in the restaurant, at that time? (Same objection. Sustained. Exception). Q. And did you pay him in cash, if you did pay him in anything at that time? (Same objection. Sustained. Exception.) Q. Do you know what became of the stock of goods in the restaurant after the death of Minnie Burke? (Same objection. Sustained. Exception.)"

Complaint is made of the ruling here indicated. The subject inquired about in the foregoing examination was germane to the issue of payment. The objections were improperly sustained. But the examination of the witness did not stop at this point. A reading of the examination discloses that the defendant was permitted to go into the subject fully, and to elicit full information. The instruments involved in the transaction were produced, as well as various letters passing between the parties. We think that the error in question was rendered wholly non-prejudicial by the examination as a whole.

4. APPEAL AND ERROR: harmless error: exclusion and subsequent reception of evidence.

5. The defendant called the witness Burger, and put to her the following questions:

"Q. Did you hear any conversation at that time between Anna and any other person there relative to how much she had been receiving as her wages? And if so, state what that conversation was. (Objected to as incompetent, irrelevant, and immaterial, and a repetition. Sustained. Exception.) Q. Were any statements made there by Anna in your presence relative to the amount she had been receiving as wages? (Same objection. Sustained. Exception.)"

Appellant complains of the ruling of the court sustaining objection to the foregoing. On their face, and disconnected from the rest of the examination, these rulings should be deemed

5. APPEAL AND ERROR: excluding question: record demonstrating non-error.

erroneous; but it appears also that this witness had already testified that Anna had not made any statement relative to her wages in her presence, and that the conversation inquired about was not in the presence of Anna.

The foregoing is sufficiently illustrative of the general character of the rulings on the admission of evidence which are complained of.

6. Complaint is directed to the instructions of the court. Substantially one complaint is made to all of the instructions. This is that the court instructed the jury, in substance, that,

6. WORK AND LABOR: rendition: mutual expectations.

if the claimant rendered the service with the knowledge and consent of the decedent, she would be entitled to recover the reasonable value thereof, not exceeding a contract price, if any. It is urged that the court should have instructed that the burden was upon the claimant to show, in addition to the foregoing, that the services were rendered with the mutual *expectation* of the claimant and the decedent that they should be paid for. This element contended for by appellant has application in cases where members of the family make claim of compensation for services. It has no application to such case as that before us. The claimant was not a member of the family, in any other sense than that she worked in the family. The restaurant property comprised the home of decedent and his wife, as well as their place of business. There was, therefore, no additional burden upon the claimant to prove a mutual expectation.

We shall not pursue further the details of appellant's discussion. We find no reversible error in the record. It is to be conceded that very persuasive circumstances are disclosed in the record, which strongly tend to sustain the defendant's claim of payment: that is to say, that the claimant had been receiving her weekly wages at the rate of $12 per week. These circumstances, however, are not so conclusive as to justify the direction of a verdict for the defendant. This being so, the verdict of the jury must be accepted. The amount claimed by the claimant was $7,100. The amount allowed was $2,270, for 227 weeks.

The judgment below is affirmed.—*Affirmed.*

STEVENS, FAVILLE, KINDIG, and WAGNER, JJ., concur.