In re Estate of Mary T. Morgan.

Frank B. Morgan, Executor, Objector, Appellant, Theresa Bakewell, Objector, Appellee, B. A. Schwarzhoff, Temporary Administrator, Objector, Appellee.

No. 44151.

September 20, 1938.

Hart & Hart, for appellant.

H. Haehlen and B. A. Schwarzhoff, for appellees.

RICHARDS, J.—To the final report of appellant, Frank B. Morgan, executor of the estate of Mary T. Morgan who died testate, objections were filed by appellee Theresa Bakewell. A hearing was had upon the report and the objections, and a final order was entered. The executor, and later the objector, appealed from portions of the order that were adverse to them, respectively.

■ The report contained an item showing payment of $1,000 by the executor to himself as a beneficiary under decedent's will. An objection to approval of this item having been sustained, the executor has appealed. He assigns this ruling as error. A proposition of law determines the question.

■ The doctrine of advancements applies only in cases where the decedent dies intestate. Rodgers v. Reinking, 205 Iowa 1311, 217 N. W. 441; In re Manatt Trust, 214 Iowa 432, 239 N. W. 524. In event of testacy the amount of advancement to be charged against a share depends upon the language of the will.

"It rests wholly with the testator, in the making of his will, to say whether or not, and to what extent, advancements shall be charged." In re Estate of Palmer, 194 Iowa 611, 614, 190 N. W. 30, 32, 26 A. L. R. 1097.

■ After making specific bequests aggregating $250, Mary T. Morgan devised all the remainder of her property to five of her children in equal shares. February 18, 1935, was the date on which this will was made. Commencing in 1919 and ending in 1929 testatrix made advancements to each of four of the five children who are the residuary beneficiaries. The amount of each advancement was $1,000. The executor, who is one of the five residuary beneficiaries, claimed he received no advancement, and sought to justify the payment of $1,000 to himself on the ground that so doing was the equivalent of charging an advancement of $1,000 to each of the four other beneficiaries. However, in the light of the above authorities, there was no room for application by this executor of the doctrine of advancements. The will, executed subsequently to the making of the advancements, is unambiguous and not susceptible of any interpretation indicating intent that advancements be charged to the shares of the residuary beneficiaries. It also appears from the record that the trial court could have found that Frank B. Morgan in fact received an advancement of $1,000. A note he owed testatrix, amounting to something over $1,000, was surrendered to him by

testatrix about 18 days before the will was made. While there is some controversy in the testimony, there is evidence that tends to substantially support the conclusion that the turning back of this note constituted a gift, that would have operated as an advancement, if in this case the doctrine had application. We find no error in the disallowing to the executor of this $1,000 item.

In another item in the final report it was alleged that the executor was off-setting against the share of the estate distributable to Theresa Bakewell the sum of $1,000 and accruing interest, being the amount of a promissory note given to testatrix some years previously by this beneficiary and her husband. To this portion of the report Theresa Bakewell filed objections, denying that she was in any manner indebted to the estate, in that the note in question had been surrendered by testatrix to objector as her own property prior to the making of the will, and by directions of testatrix had been cancelled and destroyed. Without raising any questions as to the procedure, the parties tried to the court the issue so made up, i. e., the right of the executor to recover on the note and offset same in the distribution. The trial court ordered that the objection be sustained, and the executor appealed therefrom.

Upon the hearing it was conceded that the note itself at no time came into the hands of the executor and was not inventoried. Theresa Bakewell, as a witness in her own behalf, related in detail the matters set out in her objections. The trial court had the advantage of hearing and observing this witness, and evidently looked upon her testimony, in the light of evidence that is in the record concerning the circumstances surrounding, and the relations between, this daughter and mother, as establishing the extinguishment of this debt. The record is such that it does not warrant interfering with this conclusion, unless, as the executor urges, the incompetency of this witness to testify concerning conversations between herself and her deceased mother, under section 11257, Code 1935, nullified her testimony. While her incompetency is unquestionable, we are constrained to hold that the executor's manner of cross-examination of this witness entitled counsel for the objector to proceed as he did, that is, to adduce on redirect examination the whole of conversations as to which otherwise this witness was incompetent. Upon examination in chief Mrs. Bakewell testified, inter alia, that until 28 years

old she lived on the farm with her mother, and performed housework and did chores without compensation. During cross-examination she was for the first time interrogated concerning the fact of and the content of conversations between herself and testatrix, that began when Mrs. Bakewell was 11 years old and extended over the many years thereafter. Upon redirect examination the witness testified to additional things her mother said, including decedent's statements that testatrix and witness had worked hard together, that witness was worthy of getting something for her hard work, and the statement, ''take this note, it is yours, and destroy it.'' The note referred to was the one the executor sought to offset. Counsel for appellee did not in explicit language limit his inquiries upon redirect examination to the conversations that had been related upon the cross-examination. But after considerable examination of this involved record we are of the opinion that he did so by inference found in the questions, and that the redirect examination was so understood by the witness, the court, and by counsel for the litigants. That is, the redirect examination amplified the conversations brought out on cross-examination. Such being the record the question whether this witness became competent to testify on redirect examination concerning undisclosed portions of the conversations concerning which she had been interrogated on cross-examination, finds an affirmative answer in the holding in Re Wharton's Will, 132 Iowa 714, 109 N. W. 492. We conclude the trial court did not err in sustaining the objections to offsetting the note in question against the share of the objector.

In another item of the report the executor sought allowance of compensation of $350 as ''the statutory fee'' and additionally $150 for extraordinary services rendered. To the allowance of the $150 objections were filed by Theresa Bakewell, and from the overruling thereof she has appealed. The executor claims that the personal estate and the proceeds from sale of real estate aggregated $11,242.13. Unless there were extraordinary services or expenses, the court in fixing a reasonable fee for this executor, could not allow in excess of $344.84, being the limitation found in section 12063, Code 1935. As to there having been extraordinary services rendered or extraordinary expenses incurred, within the meaning of section 12065, Code 1935, the showing made is so indefinite and unsubstantial that the objections to the allowance to the executor of $150 for extraordinary

services and expenses should have been sustained. Other errors assigned by appellant involve the same matters determined in the foregoing. Appellant's motion to strike appellee's amended abstract is overruled.—Affirmed on executor's appeal; reversed on objector's appeal.

SAGER, C. J., and ANDERSON, STIGER, KINTZINGER, MILLER, DONEGAN, and HAMILTON, JJ., concur.