BRIDGET SHOBERG, Appellee, v. DANIEL ROCK, Executor, Appellant.

No. 45399.

JUNE 17, 1941.

REHEARING DENIED SEPTEMBER 19, 1941.

S. R. DeCou and Welch & Acrea, for appellant.

John J. Hess, Tamisiea & Tamisiea, Carl V. Burbridge, Roy E. Havens, William P. Welch, Welch, Acrea & Welch, and S. R. DeCou, for appellee.

OLIVER, J.—This is an appeal by the executor of the estate of Ed Rock, deceased, from the allowance of a claim of Bridget Shoberg in the sum of $2,600. The claim was for $8,087.50 for services undertaken and rendered decedent as housekeeper on his farm for the last 27 years of his life. Count 1 alleged an express oral agreement and understanding that she should be paid the reasonable value of said services Count

2 pleaded a contract implied from the performance, consent to and acceptance of said services. There was a trial to a jury. At the conclusion of the evidence appellant moved the dismissal of Count 1 upon the ground no express agreement had been shown, which motion was sustained. The case was submitted upon Count 2, and the jury was instructed in part that it was presumed any such services were gratuitous because appellee was a member of the family (sister) of deceased and that to recover she was required to prove the performance of the services as claimed, the expectation of each party that she would be paid therefor and the reasonable value thereof.

I. Appellant contends the afore-mentioned instructions were erroneous because the evidence was insufficient to prove appellee's expectation and the expectation of decedent that appellee would be paid for her services. Appellee testified directly, "I did expect pay."

Other witnesses testified to conversations between the parties or in the presence of both in which decedent said he was going to hire appellee and would pay her a reasonable wage and appellee said that if her work was satisfactory to decedent she would stay at reasonable wages. Appellant points to certain portions of appellee's testimony, which, standing alone, might have been given a contrary interpretation. But as amplified and explained this testimony was not necessarily inconsistent with her claim. Without discussing the record in detail we will say it was sufficient to present a question for the jury upon this proposition.

II. One of the defenses pleaded in appellant's answer was that appellee was a devisee under the will of decedent and thereby received full compensation for her services. The jury was instructed that, in the absence of any evidence of the intention of the deceased to the contrary, the will was not sufficient to justify a finding that decedent intended said provisions as a satisfaction or payment of any claim appellee might have against his estate. Appellant assigns error to this instruction contending that the question whether decedent intended the devise to be in satisfaction of appellee's claim for services should have been submitted to the jury.

The will of decedent provided that his debts be first paid. Furthermore, his debt to appellee was unliquidated. These circumstances were sufficient to rebut any presumption that the devise was intended as a satisfaction of the debt. In re Estate of May Hill, 230 Iowa 189, 297 N. W. 278. Nor was there evidence tending to show the deceased intended this devise to be in compensation for appellee's services. Under the circumstances, we think the instruction was correct.

■ III. Section 11962, Code of 1939, provides as follows:

"Burden of proof. The burden of proving that a claim is unpaid shall not be placed upon the party filing a claim against the estate; but the executor or administrator may, on the trial of said cause, subject the claimant to an examination on the question of payment, or consideration, but the estate shall not be concluded or bound thereby."

Under the above Code section appellee was not required to prove her claim was unpaid and that element of the case was not touched upon in her direct examination which was limited to one question and the answer, "Yes, I did expect pay." At the start of her cross-examination, counsel for the executor announced he was examining her under the provisions of section 11962 on the question of payment, without being bound by her answers. Several questions along this line were asked the witness, and were objected to as not cross-examination. The objections were sustained. Thereupon counsel for appellant stated he had announced he was examining under Code section 11962. The court then stated:

"You can do that when you get to the presentation of your testimony; call her as your witness. But this is not cross-examination, I don't care what you announced."

Code section 11485 provides that the party having the burden of proof must first produce his evidence, to be followed by that of the adverse party. Therefore, appellant was not entitled to examine appellee as his witness under Code section 11962 until the evidence on behalf of appellee was completed. Assuming that the trial court, in his discretion, could

have permitted the introduction of this evidence out of its regular order, the refusal so to do was not error. The questions propounded were not cross-examination and the objections were properly sustained.

Another question asked the witness, on cross-examination, to which the same objection was made and sustained concerned an action brought by her and then pending for the construction of decedent's will. It is appellant's theory that the will involved the question of payment to appellee by decedent. As above noted, questions involving this matter were not relevant to the direct examination and, therefore, were not cross-examination. And had the rulings been erroneous, we do not think they would have been here prejudicial in view of the provisions of Code section 11962. As suggested by the trial court, appellant at the proper time might have pursued the examination thereunder and along the desired line. And the estate would not have been concluded or bound thereby.

■ IV. Following the afore-mentioned rulings and colloquy, the cross-examination of the witness continued, in part, as follows:

"Q. And you didn't expect anything until after he died, did you, Mrs. Shoberg? A. Well, I didn't—we didn't make any plans on getting to settle up; we talked about it but we never did it. * * *

"Q. Well, he never told you that he would [give you anything until after he died] did he? A. No."

On redirect examination, over objections of appellant to the competency of the witness under the dead man statute, Code section 11257, the court permitted answers to questions concerning what decedent told her about paying her and when he told her. "A. He would pay me well for what work I had done. A. He told me that down in the hospital just before he died, * * * and several times before when he was sick." Under the statute the witness was in the first instance incompetent to testify to these communications. But the cross-examination which inquired into said matters established her competency to testify thereto in detail upon redirect examination. In re Estate of Morgan,

225 Iowa 746, 748, 281 N. W. 346, 348; Estate of Wharton, 132 Iowa 714, 720, 109 N. W. 492, 494.

 V. Appellant contends Count 2 fails to state a cause of action and also that the court erred in refusing to direct a verdict for appellant thereon on the ground of insufficiency of evidence. We think the Count sufficient to state a cause of action upon implied contract, especially in view of the well-established rule that technical nicety of pleadings is not required in framing claims in probate. In re Estate of McKeon, 227 Iowa 1050, 1061, 289 N. W. 915, 920.

Nor do we think the evidence was insufficient to support the verdict. The proposition of mutual expectation of payment to appellee for her services has already been considered and the evidence of the performance, acceptance and value of the services was, we think, sufficient to make the case one for the jury.

 Appellant also asserts the presumption that the services were gratuitous on account of the family relationship is conclusive. There is no merit in this proposition. This court has repeatedly held such presumption to be rebuttable. Wilson v. Else, 204 Iowa 857, 216 N. W. 33; Howell v. Howell, 211 Iowa 70, 232 N. W. 816; Estate of Unangst, 213 Iowa 1064, 240 N. W. 618.

 VI. Finally, it is suggested the evidence tended to prove an express contract rather than the implied contract pleaded in Count 2, and, therefore, that appellee was not entitled to recover on the theory upon which the case was submitted to the jury by the trial court. See In re Estate of Oldfield, 158 Iowa 98, 138 N. W. 846. It may be conceded that the question whether the record tended to show an express contract rather than an implied contract is not without doubt. However, at no time was the contention now made that the evidence tended to show an express contract raised in the trial court. The position of appellant in the trial court was to the contrary, to wit: that there was no evidence tending to show an express contract. Upon this ground he moved to dismiss Count 1. The trial court sustained the motion. Having secured this ruling and the submission of the case to the jury upon a theory more favorable to him, appellant could not have successfully predicated error thereon

in the trial court. Nor, in any event, may the proposition be raised for the first time upon appeal.

No reversible error having been shown, the judgment allowing the claim is affirmed.—Affirmed.

All JUSTICES concur.