FREDA EDLER, appellant, v. ELDO FICK, executor of estate of Augusta Fick, deceased, appellee.

No. 50334.

(Reported in 110 N.W.2d 665)

SEPTEMBER 19, 1961.

James H. Graven, of Greene, and Zastrow, Noah & Smith, of Charles City, for appellant.

John Van Eschen, of Greene, and Harold D. Vietor, of Cedar Rapids, for appellee.

THORNTON, J.—This is an appeal by claimant, only daughter of decedent, from a denial of her claim for services for care of her mother during the last months of her life. There was substantial evidence of services rendered and from which the value of the services could have been determined. The case turned on the presumption the services rendered decedent, claimant's mother, were gratuitous. The trial court held the presumption had not been overcome and on that basis denied the claim.

Appellant assigns three errors for reversal. The first two are directed to admissibility of evidence bearing on the question of the services being gratuitous and the third the court erred in holding as a matter of law claimant had failed to establish her claim and overcome the presumption the services were gratuitous.

■ I. The first claim of error involves a waiver of the dead man statute, section 622.4, Code of Iowa, 1958. On cross-examination of claimant by the executor she testified, "My husband and myself did have a paper we asked my mother to sign. I did not bring her home because she didn't sign the paper as she would see Eldo [executor and son] before she signed anything." Further, on cross-examination she testified, "When my mother was at my place we did try to get her to sign a paper. When she read the paper she said, 'I will have to ask Eldo before I will sign anything'."

On redirect examination claimant was asked, "Q. Mrs. Edler, did you ever talk to your mother about being paid?" Objection to competency of the witness was sustained. Claimant then made an offer of proof in questions slightly different in form but directed to conversations claimant had with her mother about being paid for services. The import of the offer is, decedent said on at least one occasion, " 'My house will pay for all the keep you give me' ", and apparently at a later date, when she had had a urinary accident while at claimant's home, she said, " 'My house and my property, my house will take care of the bed for you, get you a new bed' ", and claimant replied, "All right."

Claimant's contention is it was error to exclude this evidence when the bar of the dead man statute had been waived by the inquiries on cross-examination relating to decedent signing a paper. This paper or its contents were not offered in evidence. The trial court assumed, we believe correctly, in passing on this question, the paper had something to do with decedent's paying something to claimant for her care. Claimant concedes the complete barrier of the statute was not lifted but because the questions on redirect were directed to arrangements for payment and all understood the paper which decedent was requested to sign related to payment the statute was waived as to such questions.

This amounts to saying when new matter relating to signing a paper for payment is elicited on cross-examination the bar of the statute is waived as to all other conversations relating to payment between claimant and decedent.

The trial court after a careful examination of authorities concluded the new matter elicited on cross-examination made the claimant competent as to that particular transaction but did not make her competent as to other conversations or transactions. This is correct. Mollison v. Rittgers, 140 Iowa 365, 118 N.W. 512, 29 L. R. A., N. S., 1179; Walkley v. Clarke, 107 Iowa 451, 78 N.W. 70; In re Will of Wharton, 132 Iowa 714, 722, 109 N.W. 492; Nothem v. Londergan (Edmonds), 157 Iowa 146, 151, 137 N.W. 927, 928, "* * * plaintiff waived any objection to his competency as to the matters inquired about by him. [Citing cases] As the witness is a party, he was not competent to testify to any other transactions or communications with the deceased, * * *."; Shoberg v. Rock, 230 Iowa 832, 298 N.W. 834; and In re Estate of Morgan, 225 Iowa 746, 281 N.W. 346. Claimant relies on the language in the Morgan case at page 749 of 225 Iowa, page 348 of 281 N.W. There the cross-examination covered conversations that extended over many years. The competency was determined by this: "* * * the redirect examination amplified the conversations brought out on cross-examination." Here there was no showing the offered conversations amplified or related to the conversations about signing the paper. There is nothing in the record that does not indicate they were entirely separate transactions in no way connected with the signing of the paper, except all dealt with some phase of payment. The ruling of the trial court was correct.

II. Claimant complains that one witness for the executor was allowed to state she was present at a conversation between decedent and another lady over the objection it called for hearsay evidence. This is wholly without merit. The fact the witness was present was a fact within the witness's knowledge and not hearsay.

She also complains because a witness for the executor was allowed to testify the decedent told her she would not sign the paper and she could go to claimant's home any time she was not feeling well. The content of these statements is both hearsay and self-serving. However, they are admissible as

a verbal act to show circumstantially the state of decedent's mind, her intention or expectation of paying claimant for taking care of her. Where the family relationship is shown to exist between the persons rendering and receiving services, here daughter and aged mother, the law raises a presumption the services were rendered gratuitously. The burden rests on the claimant to overcome this presumption. It is proper for the executor to offer evidence to show decedent considered the services as being gratuitous, that she did not expect to pay for them. To show this state of mind her declarations bearing thereon are admissible. Wigmore's Code of Evidence, Third Ed., Article 3, Paragraph (b), section 1787, page 333. In In re Estate of Larsen, 235 Iowa 57, 61, 15 N.W.2d 919, 921, this court in dealing with similar statements said, "* * * The statements, if made, tend to show decedent's own thought as to whether such family relationship existed as would justify acceptance of the services without expectation of paying for them." Other cases, holding declarations of a person whose state of mind is in issue are admissible, are Glatstein v. Grund, 243 Iowa 541, 51 N.W.2d 162, 36 A. L. R.2d 531; In re Will of Soderland, 239 Iowa 569, 30 N.W.2d 128; and Ott v. Murphy, 160 Iowa 730, 141 N.W. 463.

In Nortman v. Lally, 204 Iowa 638, 215 N.W. 713, relied on by claimant, statements of decedent were properly excluded. There the issue was different. There was no claim of a family relationship. There was a plea of payment. The declarations were directed to whether or not payment had been made, not to whether the decedent expected to pay. The state of mind of the declarant was not in issue.

III. Claimant is mistaken in her claim the trial court erred in holding as a matter of law she had failed to establish her claim and overcome the presumption her services were gratuitous. In its findings and judgment entry the trial court very ably reviewed the facts and applicable law. It then found as a fact claimant failed to overcome the presumption of gratuitous services and from this failure to prove an element of her claim necessary for recovery concluded as a matter of law

the claim was not established. The court's finding and entry could hardly be more clear.

Claimant also urges the court erred in finding under the facts the claim was not established because the only competent evidence of the executor did not refute her claim, and the evidence that did refute the claim was self-serving and hearsay. We have discussed the admissibility of the evidence complained of in Division II. It was admissible and properly for consideration on the question of decedent's state of mind relative to her expectation of paying. Her complaint also involves improper weight or consideration being given the presumption. We do not believe this was the case. This is a claim in probate, triable at law, either before a jury or trial judge at the option of the parties. They chose to try the claim to the court. It is the trier of fact, and we cannot disturb its findings of fact except under the same rules applicable to jury cases. In his answer the executor pleaded the family relation and the services were gratuitous. When so pleaded and the evidence shows the family relationship, the presumption of the services being gratuitous arises and if there is no evidence on behalf of the claimant to show either an express agreement for payment or a mutual expectation of payment the claimant cannot recover. In re Estate of Talty, 232 Iowa 280, 283, 5 N.W.2d 584, 586, 144 A. L. R. 859; and Snyder v. Nixon, 188 Iowa 779, 176 N.W. 808.

The presumption operates in favor of the executor until it is overcome by showing facts to the contrary. This can be as a matter of fact, i.e., evidence to persuade the trier of fact of mutual expectation of payment, or as a matter of law an example of this might be an express agreement concededly signed by decedent. If there is no evidence on behalf of the executor other than of the presumption the claimant does not necessarily prevail. Claimant's evidence is still subject to the scrutiny of the trier of fact as to weight and credibility.

On the question of presumptions claimant cites for our consideration Dyson v. Dyson, 237 Iowa 1285, 25 N.W.2d 259; Beggs v. Metropolitan Life Ins. Co., 219 Iowa 24, 257 N.W.

445, 95 A. L. R. 863; and Johnson v. Marshall, 232 Iowa 299, 4 N.W.2d 369. Each of these cases is authority that a presumption is rebutted when the facts to the contrary are established. Each one also points out the real question is, when are the facts so established?

The Dyson case was a suit in equity in which the trial court held the presumption of proper delivery had been overcome and after an examination of the evidence this court affirmed. The Beggs and Johnson cases were tried to juries and affirmed by this court. There is nothing in any of these cases contrary to our evaluation of the effect of the presumption.

■ The trial court had before it the facts giving rise to the presumption. The facts and circumstances shown in the evidence and reviewed by the trial court in its findings in addition to the presumption and claimant's testimony she expected to be paid, are, the fact the services were rendered in claimant's home where decedent came to stay only when she was ill, decedent's apparent inability to perform reciprocal services, decedent's ability to pay, claimant's lack of property to support decedent, and decedent's statements that her house would be adequate to repay claimant, all favorable to claimant. And unfavorable to her claim, decedent's refusal to sign a paper evidently bearing on payment, decedent apparently paid her bills promptly, claimant's failure to keep a current record of her services, no apparent expectation on part of decedent to pay a daughter-in-law for similar services, and the statements of decedent referring to paying claimant either for her services or a soiled bed were equivocal, a proper inference being decedent was referring to the share claimant would receive under the will. The evidence discussed in Division II is of course unfavorable to claimant. The mere recitation of the foregoing demonstrates a question of fact was presented.—Affirmed.

All JUSTICES concur.