129 N.W.2d 618 (1964)
In the Matter of the Claim of Marjorie Blackman in the ESTATE of Cora HUNT, Deceased.
No. 51308.
Supreme Court of Iowa.
July 16, 1964.
Rehearing Denied September 21, 1964.
*619 Keith E. Burgett, Oakland, for appellants.
Edgar E. Cook, Glenwood, for appellee.
THOMPSON, Justice.
Marjorie Blackman having filed her claim against the estate of her deceased mother, Cora Hunt, in the amount of $4,560.00 for services alleged to have been rendered by her to Cora Hunt during her lifetime, and the executor having filed his report recommending the allowance of the claim, objections to the claim and to its allowance were filed by certain beneficiaries under the will of Cora Hunt. The matter was tried to the court without a jury, and at the close of the case the claim was allowed in full, with interest. The objectors appeal.
The claim is based on services rendered in caring for the decedent from 1956 through 1961, at $25.00 per week. We shall discuss the nature of these in somewhat more detail later.
The executor of the estate filed his report concerning the claim, the pertinent part of which is this: "* * * that your executor believes said claim(s) to be fair and just, and recommends it (they) be allowed and Paid, but that payment thereof should be made only after hearing and notice of hearing to be given the other beneficiaries and heirs at law; that there are sufficient liquid assets in the hands of your executor to pay said claim(s) and to pay the expenses of administration. Wherefore, your executor prays * * * that on said hearing an Order of Court be entered approving this report and authorizing the allowance and payment of the claim of Marjorie Blackman."
The objections, so far as material here, were that the claim was exorbitant, arbitrary and not based upon any written or oral agreement to entitle said claimant to compensation for alleged services to her mother; that the decedent provided for her own care and support from her own funds; and, by a later amendment, that the claimant is a daughter of the decedent and the alleged services were performed gratuitously. In response to objectors' motion for more specific statement, the claimant answered stating that the claim was not based on a written contract, but was either based on an oral contract, or the obligation of the estate to pay for said services which arises by operation of law.
I. When the case came on for hearing before the court, the claimant introduced the executor's report above referred to, with the order of court setting the claim for hearing. The report was objected to in this way: "I would object to the admission of this particular Exhibit, if it's for the purpose of showing that the claim has been allowed, if it's only for the purpose of showing that it is a recommendation by the executor, then I would make no objection to it." Claimant's counsel then responded: "First, this is to show that the executor recommends the allowance of it, that the Court ordered the matter set for hearing, that it was recommended for the *620 allowance of the claim, that it is offered as being prima facie evidence, that the claim is correct and should be allowed."
Further objection was then made: "I object to its admission because it is not prima facie evidence, that the claim was allowed, it's only an indication to the Court which has never been acted upon, nor has any court order ever been filed which did in fact allow the claim."
The court then ruled: "I hold that it is some evidence. I am not going to say now, how much weight I am going to give to it." Thereupon the claimant rested. The objectors then moved to dismiss the claim, on the grounds that all claims against estates are presumed denied until allowed or evidence is offered to support them; that the services were rendered by one member of a family to another and so are presumed to be gratuitous; that there was no evidence other than a recommendation by the executor; the burden of proof was upon the claimant to show the validity of the claim by a preponderance of the evidence, and there was a complete lack of proof to substantiate the claim.
Thereupon claimant's counsel said: "The only evidence in the record is the evidence of the recommendation of the allowance of the claim by the executor which the Court has held in this case, is evidence. * * *." The Court: "The Motion is overruled. I think the inference from the papers that the administrator has filed is weak. I think it is entitled to some weight, but I don't think it's entitled to the kind of weight it would be entitled to if I unequivocally allowed the claim."
The first assigned error of the objectors is based on the denial of their motion to dismiss. But this asserted error is not available to them. Claims against estates are probate matters, tried by ordinary proceedings. They are governed by the rules of procedure which apply to ordinary civil cases, with possible exceptions not material here. The claimant occupies the position of the plaintiff in the ordinary civil action, and the executor, if he resists, or other interested parties, if they do so, are defendants. We have several times held that error may not be predicated on appeal from the denial of a motion to direct made at the close of the plaintiff's case. Thus, in Carr v. Mahaska County Bankers Association, 222 Iowa 411, 412, 413, 269 N.W. 494, 495, 107 A.L.R. 1080, we said: "Appellant did not stand upon its motion when it was overruled at the close of plaintiffs' evidence, but proceeded with the introduction of its own testimony. At the close of all the evidence the motion was renewed, and if then there was in the record sufficient competent evidence to establish plaintiffs' case, the motion, when renewed, was rightly overruled and the original ruling thereon does not furnish grounds for reversal."
In the instant case, the motion was not renewed at the close of the entire evidence. If the objectors had stood upon their motion by resting their own case, and then renewed their motion, they would have preserved an adverse ruling for consideration on appeal. As it is, there is nothing before us. In State v. Kulow, Iowa, 123 N.W.2d 872, 875, we said: "No error can be predicated on the failure to grant the motion for peremptory verdict at the close of the plaintiff's evidence. The court may sustain such a motion but is not required to do so." See also Speck v. Hedges, Iowa, 128 N.W.2d 918 (filed June 9, 1964); State v. McLaughlin, 250 Iowa 435, 439, 94 N.W.2d 303, 305.
II. Nevertheless, while we must hold that the objectors did not properly preserve their right to predicate error upon the denial of their motion to dismiss, the question of the admissibility of the executor's report approving the claim and recommending its allowance by the court remains. This is for the reason that the court said it was entitled to some weight. Objection was made to the admission of the report as set out above; and we are now of *621 the opinion that the report should not have been admitted. It had no probative effect in supporting the claim. The trial court held it had some weight, and since this ruling is in no way retracted we presume it gave the report weight in making its findings and allowing the claim.
The court made no formal findings of fact. At the close of the case, it made an oral announcement that it believed the claimant was entitled to recover; and in so doing discussed the disputed question of the family relationship existing between the claimant and the decedent, and expressed its view that under the circumstances shown such relation was not a bar to the claim. Whether it gave weight to the favorable report of the executor does not appear; but we must assume it considered all the evidence admitted and adhered to its former position that the report had weight.
So, while we are bound by the findings of the trial court if supported by competent evidence, if it appears the court considered incompetent evidence in arriving at such findings, we must find error. We have no way of knowing how much the court's decision was influenced by the report. The second assignment of error raises the question of the sufficiency of the evidence to support the claim. We shall endeavor to make clear our reasons for holding that the court considered improper evidence in making its ruling and judgment allowing the claim.
The claimant seeks to uphold the ruling of the court in admitting the report and giving it weight by citing authorities which she contends not only render it admissible but make the allowance by the executor prima facie evidence of the validity of the claim. It is true that to some extent the executor, or administrator, represents all partiesbeneficiaries, heirs, and creditors in handling the affairs of the estate. We must determine how far this representation extends. It may be conceded that ordinarily the representative may bind himself by the allowance of a claim at least to the extent that it is an admission by him; but the heirs or beneficiaries under the will should not in fairness be bound thereby. Their interests are directly affected by a diminution of the assets, and that they are entitled to be heard in opposition even though the claim has been approved by the fiduciary is well settled.
But it must be noted that if the allowance or approval by the representative is to be given weight, even to the extent of making a prima facie case, as the claimant contends, the objecting beneficiaries or heirs are deprived of a most substantial right, without notice or hearing. The burden is upon the claimant to prove his claim; but if the favorable report of the executor is to be given weight, it then becomes incumbent upon the objectors to overcome it. There is a shifting of the burden of proof by a proceeding in which they had no part. We have no way of knowing, in the case at bar, what considerations moved the executor to approve the claim. He may have taken into account statements of the claimant as to conversations, transactions or agreements between herself and the decedent; he may have relied upon hearsay or other evidence which would be clearly incompetent in a proceeding in court. To a great degree, giving weight to the approval of the executor eliminates the dead man statute, section 622.4, Code of 1962, I.C.A., from the case. In many cases of contested claims the claimant is faced with a difficult problem of proof because of this statute; if we are to say that he has made a prima facie case by securing the approval of the executor, this section is no longer of much force in such cases as this.
The claimant cites several authorities which she thinks hold that the approving report of the fiduciary has weight. With one exception, which will be discussed later, we do not find them in point. In Ashton v. Miles, 49 Iowa 564, there had been an allowance of claims by the court, which left an amount insufficient to pay the objector's claim. We are not dealing here *622 with the situation where the court had approved the claim ex parte; at the time of the trial and the admission of the executor's report there was no court approval.
Willett v. Malli, 65 Iowa 675, 677, 678, 22 N.W. 922, 923, speaks of the "probate allowance" of a claim. We think the court was there referring to the allowance by the probate court. The gist of the holding in In re Estate of Durey, 215 Iowa 257, 266, 245 N.W. 236, 240, is contained in this statement: "The previous holdings of this court are to the effect that mistakes made during the settlement of an estate in interlocutory orders, without notice, are subject to correction at any time before the final settlement of the estate. * * * Such orders have no greater effect than that they are prima facie correct." (Italics supplied.)
In re Estate of Smith, 240 Iowa 499, 528, 36 N.W.2d 815, 831, 8 A.L.R.2d 640, was primarily concerned with the rights of certain heirs to raise questions of the bar of the statute of limitations, and other issues. There was in fact a hearing on the disputed claim. We said, apparently by way of dictum: "This court has also construed a claim, allowed and approved as this claim was, as one subject to review at any time before final settlement of the estate. Such ex parte orders or allowances have no greater force than that they are prima facie correct." Since the claim appears to have been allowed after a full hearing with all parties represented, the meaning of the foregoing quoted statement is not clear. But it was certainly not applicable to any issue in the case.
We come then to In re Estate of Nicholson, 230 Iowa 1191, 1207, 1208, 300 N.W. 332, 340, 341. In this case, certain claims had been allowed by the court, after some contest by the administrator. Later an heir appeared with application to set aside the judgment allowing them. The question was then as to the effect of the allowance of the claims by the court. We said: "We have uniformly held that the allowance of a claim by an administrator or executor, or its approval by the Clerk, or an ex parte order of the judge or court, or other ex parte interlocutory orders, are subject to review or correction at any time before the final settlement of the estate. * * * Such orders or allowances have no greater effect than that they are prima facie correct." Here is a direct statement, and the only one in our decided cases of which we are advised or which we have been able to find, that a favorable report of a fiduciary allowing a claim, without order of the court, makes a prima facie case of validity. It was not necessary to the decision, because the claims in question had been allowed by the court. As we now consider it, it was inadvertent dictum and so far as it makes an allowance or approval by the representative without subsequent court approval prima facie evidence in support of the claim, it must be disapproved.
The rule is thus stated in 34 C.J.S. Executors and Administrators § 431, page 248: "The heirs or other beneficiaries of the estate are not bound by the extrajudicial statement of the personal representative that he believes the debt to be due, or by his formal approval or allowance of a claim, although the admission of the representative that a claim against an estate is valid establishes its validity prima facie and puts the burden of proving otherwise on one who objects to it."
The latter half of this statement seems to support the claimant's position here. However, an examination of the authorities cited in support of it shows they are not in point. These are In re Estate of Nicholson, supra, which we have already discussed; Price v. Engle, 77 Ind.App. 439, 133 N.E. 755; and several New York Supplement cases. But in both the Indiana case and the New York cases the holdings were determined by specific statutes making the allowance of a claim by the fiduciary prima facie evidence of its merit. The same is true of In re Roberts' Estate, 49 Cal.App.2d 71, 120 P.2d 933, 937. California statutes made the allowance *623 of a claim by the executor and approved by the probate judge sufficient evidence of correctness. The claim in question had not been approved by the judge, but did have the approval of a court commissioner. The case holds that the action of the commissioner had the same effect as that of the judge, since the commissioner was empowered to act for the judge.
We have no such statute in Iowa. In fact, section 635.57, Code of 1962, I.C.A., seems to indicate a contrary intent by the legislature. We quote: "All claims filed, and not expressly admitted in writing signed by the executor or administrator, with the approbation of the court, shall be considered as denied, without any pleading on behalf of the estate but special defenses must be pleaded." It must be observed that all claims, even though admitted in writing by the fiduciary, are denied by operation of law. This seems to negative any support for the contention that the mere approval by the executor or administrator makes a prima facie case. The claim stands denied, even though it has such approval; and the burden then rests upon the claimant to prove his claim. It is only when the "approbation of the court" is added to the approval by the fiduciary that the claim is not denied without pleading. The inference is strong that no prima facie case arises unless the court's approval, even though it be ex parte, appears.
The general rule is that the burden of pleading and proof rest upon the same litigant. He who asserts an issue must prove it. In re Estate of Kneebs, 246 Iowa 1053, 1057, 70 N.W.2d 539, 542; In re Estate of Ewing, 234 Iowa 950, 955, 14 N.W.2d 633, 635. So we have held that under section 635.57, supra, special defenses, such as that of family relationship, must be pleaded and proven by the one who relies upon them. In re Estate of Talty, 232 Iowa 280, 284, 5 N.W.2d 584, 586, 144 A.L.R. 859. This is because of the provision in the statute.
But at this point we are not concerned with a special defense. The validity of the claim generally is denied by operation of law and no pleading is necessary, unless the claim has been approved by the fiduciary and has the approbation of the court. This seems to mean that the burden of proof is upon the claimant, unless special defenses are pleaded, or, and this is of governing importance, unless the claim has been admitted in writing by the executor or administrator and has the approbation of the court. In view of this statute, we must hold that the mere approval of a claim by the representative of the estate, absent the approval of the court, does not make a prima facie case of validity; indeed, that it has no weight as support for the claim, when the contest is between the claimant and interested parties other than the executor or administrator.
Approval by the fiduciary, without the approval by the court, means nothing in such a proceeding, under the terms of the statute. It is a mere opinion of the executor, based on unknown considerations. These, we have pointed out, may be hearsay evidence; they may be statements of the claimant which he would not be permitted to make in court, under the dead man statute, supra; or they may be other incompetent evidence. The locus of the burden of proof and its imposition upon the one who should carry it is a substantial right of the opposing party; and so is the requirement that the claimant's case be proven by competent evidence. These should not be taken from him by a determination of the fiduciary reached without notice or knowledge and with no opportunity for him to be heard or to object. We think the statute, section 635.57, supra, points the way to the proper solution of this question.
The statute also makes the distinction between a mere approval by the fiduciary, and an approval with the approbation of the court. We have several times said that an ex parte court order approving a claim makes a prima facie case of its *624 validity. Jennings v. Schmitz, 237 Iowa 580, 586, 20 N.W.2d 897, 901; and see authorities discussed above. This, we think, is because of the wording of the statute, which draws a distinction between unapproved and approved allowances of the executor or administrator. We must conclude the trial court was in error in admitting and giving weight to the favorable report of the executor; and, since we have no way of knowing how far it influenced the finding that the claimant is entitled to recover, error is presumed. It is as though a jury had been permitted to consider incompetent evidence in reaching its verdict.
This case was tried, and must be considered, under the statutes and the law as they stood before the enactment of the new probate code, Chapter 326 of the Laws of the Sixtieth General Assembly. Section 635.57, supra, is repealed by this chapter; but it was in effect at all times material to the case at bar. We call attention, however, to section 122 of the new probate laws, which says:
"The acts of the fiduciary without prior approval of court after notice, may be contested by any interested person at or before the entry of the order discharging the fiduciary."
Our conclusion is that, under the law as it stood before the enactment of the new statutes, the written approval of a claim by the fiduciary without the ex parte approval of the probate court, has no weight as against interested parties who are affected by and may desire to contest the claim. Attention is called to In the Matter of the Estate of Plumb (Leu, Claimant v. Salvation Army et al.), Iowa, 129 N.W.2d 630, filed on July 16, 1964, which supports our holding in this division.
III. The objectors contend that there was such a family relationship between the claimant and the decedent, daughter and mother, as that the court should have found the services were intended to be gratuitous and there was no expectation of or agreement for payment. The court said: "I think the evidence fairly supports the conclusion that the services rendered were disproportionate to any reciprocal benefits that were expected or that the mother could have expected to render. The decedent couldn't possibly have expected to render reciprocal services for care in her aged condition."
The decedent, an aged woman, had spent part of her time with the claimant from 1956 until her death. Until June of 1960, she spent about one-half of her time with the claimant; from that time on until her death on December 25, 1961, she was there continuously. During this latter time she was unable to render any substantial reciprocal services, but was a bed patient and required considerable care. She did dry a few dishes. During the earlier periods she sometimes did the dishes, and hoed "a little bit" in the garden. She made quilts, most of which she sold. She occasionally hunted eggs. This is the testimony of the claimant, which the court had the right to consider in determining the facts. Dr. John A. Kline, a qualified physician, testified that during the last two years of her life the decedent suffered from general arteriosclerosis and senile dementia. About two-thirds of the time she was mentally incompetent. She had to be bathed, fed, dressed and waited on whenever she needed help. There is some contradictory evidence, which seems to go, however, chiefly to the period before the last year and one-half of the decedent's life.
The objectors can prevail at this point only if the evidence so completely failed to overcome the presumption of gratuity of the services rendered by the claimant that a verdict should have been directed if the case had been tried to a jury. Oneway of overcoming this presumption is by showing that the services, if any, rendered by the decedent were so disproportionate that it does not apply. In re Estate of Talty, 232 Iowa 280, 287, 5 N.W. *625 2d 584, 588, 144 A.L.R. 859, and citations. The objectors rely on the dissenting opinion in In re Estate of Klepper, 244 Iowa 521, 531, 57 N.W.2d 565, 570. But this opinion goes no farther than to urge that the question of family relationship should have been submitted to the jury, under proper instructions. See also Edler v. Fick, 252 Iowa 1367, 1372, 110 N.W.2d 665, 668.
Generally, it is presumed that one who renders services for another does so under a mutual expectation of payment. There is, however, a presumption that this rule does not apply when there is a close family relationship. But this presumption may be overcome either by showing an express agreement for payment, or that the member of the family against whose estate the claim is made was not capable of rendering, or did not render, reciprocal services. And, even if some services were rendered by the decedent, if they were so disproportionate as not to be reciprocal the presumption is overcome, as we said in In re Talty's Estate, supra.
The objectors contend the trial court erroneously gave improper weight and credibility to the claimant's own testimony. As stated, this means no more than that the trier of the facts weighed the evidence incorrectly. But the weight of the evidence and the credibility of the witnesses was for the fact finder, and we may not interfere. We think there was sufficient evidence of inequality in the reciprocal services rendered here to permit the court, as the trier of the facts, to find that the presumption of gratuity was overcome.
For the reasons set out in Division II, the case is reversed and remanded for further proceedings.
Reversed and remanded.
All Justices concur except HAYS, J., not sitting, and PETERSON, J., who takes no part.