PITKIN and another *against* PITKIN and others:

### IN ERROR.

*A.* executed a deed of gift of all his real estate to his children and grand-children, retaining it in his hands until his death, when he intended it should take effect. At the same time, he made his will, and therein gave all his estate, not otherwise disposed of, to *B.* and others, mostly the same persons as were named grantees in the deed, to be equally divided between them,— they to take care of and provide for a female slave belonging to *A.*,—the expense to be borne equally by them, or the executor to reserve in his hands a sufficiency for that purpose. *B.*, the executor, paid a large sum for her support, and as she was aged and infirm, large sums would probably be wanted for her future support. On a bill in chancery brought by *B.* against the other devisees of *A.*, stating these facts, and praying for a sale of the real estate of *A.*, and a reimbursement therefrom of the expenses already incurred and a provision for future support, it was held, 1. that the facts stated laid no foundation to decree such reimbursement or provision; and 2. that the whole business properly pertained to the court of probate in which this estate was in settlement, and therefore, a court of chancery would not interfere.

THIS was a bill in bill in chancery, brought by *Samuel Pitkin* and *Edward Pitkin,* executors of *Elisha Pitkin,* against *Joseph Pitkin* and others, heirs and devisees of *Elisha Pitkin,* stating the following case. In 1818, *Elisha Pitkin* executed

a deed of gift of all his real estate lying in this state to the plaintiffs and to the defendants. He retained that deed until his death, when it was his intention that it should take effect. At the same time, he made his will, and therein gave all his estate, not otherwise disposed of, to the plaintiffs and *Joseph Pitkin,* and the heirs of *Timothy Pitkin* then deceased, to be equally divided between them, they to take care of and provide for a negro woman called *Flora,* his slave; the expense to be borne equally between them; or his executors to reserve in their hands a sufficiency for that purpose. He constituted the plaintiffs his executors, and died in 1819. They accepted the trust, and proved the will; and in pursuance of the directions of the will, they paid large sums for the support of said *Flora* to the amount of 1000 dollars, supposing there was a sufficiency of estate left for that purpose, by the testator. After the final settlement of the estate, it appeared, that there was not sufficient property, exclusive of that conveyed by the deed, to pay the debts of the deceased; and that a part of the estate so given by the deed, had been sold for the payment of debts; and that all the debts had been paid. *Flora* is still living; is aged and infirm; and large sums will probably be wanted for her future support. The grantees in the deed and the residuary devisees in the will, with two or three exceptions, are the same persons, being the children, grand-children and heirs at law of *Elisha Pitkin,* the testator. There is no other estate from which *Flora* can be supported. The bill prays the court to order a sale of so much of the real estate of the testator as will reimburse the expenses already incurred, and will provide for the future support of *Flora,* for whose support his estate is liable.

To this bill the defendants demurred; and the court adjudged it insufficient. The plaintiffs then, by motion in error, brought the case before the Court for revision.

*Sherman* and *Toucey,* for the plaintiffs in error, contended, 1. That the support of the slave was a charge upon the assets of *Elisha Pitkin.* The master, by the common law of *Connecticut,* as well as by statute, is bound to support his slave; and he cannot exonerate his estate from this liability, except by emancipation in the way pointed out by statute. Where there is service for life, there must be support for life.

2. That the intention of the testator, apparent from the will, was, that *Flora* should be supported from his estate.

3. That hence it was the duty of the executors, as far as *Hartford*, assets extended, to furnish her a support, and their right to be June, 1829. reimbursed out of the assets.

4. That all the assets remaining are in the hands of these parties under a deed, which, as against this claim, is of no avail. The defendants are *volunteers.*   But *Flora* is not a volunteer ; nor are the plaintiffs, who have expended money for her support, volunteers.   Their equity is superior to the claims of volunteers ; and the latter must yield to the former.

5. That the parties who have the estate in their hands being before a court of chancery, it is competent to such court to make such application of the fund as justice and equity require.

*Pitkin
v.
Pktin.*

*W. W. Ellsworth,* for the defendants, contended, 1. That the will of *Elisha Pitkin* had nothing to do with the question in this case, the support of *Flora* not being an incumbrance charged by the will on the real estate.

2. That the plaintiffs are volunteers, not being obliged as executors or joint grantees, to support this slave.   As executors they can have no claim upon real estate.   They sustain to it no relation but that arising from the right of applying for the sale of what is inventoried, upon representing the estate to be unable to pay out of the personal fund.   At any rate, their duty as executors could not extend beyond the property which they received.   As joint grantees, the plaintiffs were not obliged to make the disbursements, for which they seek remuneration.   For, in the first place, it does not appear, that *Flora needed* any thing.   It is not shewn, that the town in which she resided would or could have been compelled to support her. No debt or incumbrance has existed.   And as to the future, the bill only avers, that it is *probable* she will need support, Secondly, the plaintiffs cannot claim this property to belong to the estate of *Elisha Pitkin,* except by claiming the deed to be fraudulent ; but can they, as joint grantees, make a debt, and then claim, that their own deed is void ?   Thirdly, no claim could be made upon the plaintiffs for more than *their shares,* so that they are, at any rate, volunteers as to the residue.

3. That if this land belongs to the estate of *Elisha Pitkin,* it should be inventoried, and proceeded with, as other estates in a regular course of administration.   Whatever has been done by the plaintiffs, in their capacity of executors, must be

exhibited to the court of probate, and settled there.    *Bacon* v. *Fairman* & al. 6 *Conn. Rep.*. 129.    Their remedy, if they have any, is not in chancery.

DAGGETT, J.   1. An objection is taken to this bill, that it is nowhere alleged, that *Flora* has ever, as yet, stood *in need of any support.*   It is indeed, averrred, that the executors have paid a large sum for her support ; and that being aged and infirm, large sums will probably be wanted for her future support.   These allegations do not lay a foundation to order a reimbursement of money paid out already ;—much less, to make provision for the future.   The court cannot know, that these sums were necessary for her support ; ·much less can they foresee and provide for the future.   Her support might have been unnecessary ; and the object for which this future provision is sought, may die.   A case is not, therefore, stated, which entitles the plaintiffs to any relief.

2. A less technical and more substantial objection, is, that this whole business properly pertains to the court of probate, in which this estate is in settlement.   It is a principle of our law to confide all matters cognizable by courts of probate, to those courts ; and an appeal is allowed, in every case, to the superior court.   What prevents this estate from being thus settled, and finally settled ?   The charge upon the estate of the support of this slave, if she needed support, was well known to the executors ; and they were authorized to reserve out of the estate sufficient for that purpose.   It was well known, also, to the judge of probate.   It was the clear duty of the executors, in case of a deficiency of personal property, to apply to the judge for an order to sell real estate ; and this Court must presume, that a sale would have been ordered accordingly ; and for aught that appears, that course may now be pursued. It is not alleged, that any of the estate given by the deed, has been granted, by those to whom it has been distributed, if any distribution has been made ; nor is there the slightest reason to believe, from any of the allegations in the bill, that there is any difficulty in directing a sale of property, from time to time, as may be necessary, for the support of *Flora.*

This bill, in this view of it, is an attempt to draw into the superior court, from the appropriate tribunal, the settlement of this estate.   A bill upon the same ground might be brought to authorize the sale of land for the payment of debts allowed by

the court of probate, though a sale for that purpose may be ordered by the judge.

Without deciding what the court of probate would or might do in relation to an application founded on the facts stated in this bill, I am well satisfied, that there is no foundation laid *by those facts,* for any interference of the superior court. The demurrer, then, was well taken to this bill ; and there is nothing erroneous in the judgment complained of.

HOSMER, Ch. J., and PETERS and BISSELL, Js., were of the same opinion.

WILLIAMS, J. gave no opinion, having been of counsel in the cause.

Judgment affirmed.