Isabelle McIntosh, Drussie McIntosh Wright, and David McIntosh, Appellants, v. O. C. Brown.

**Estates of decedents:** CLAIMS: JURISDICTION: INJUNCTION. Although probate proceedings are distinguishable from other proceedings they are had in the same court; and where the probate court has acquired jurisdiction to try and determine a claim against an estate its power continues until the matter is finally disposed of, subject only to appellate authority, and the district court will not interfere with its action by injunction; especially where every matter pleaded as grounds for equitable relief may be set up as defenses to the claim in the probate court, which are there subject to the same presumptions and rules of evidence.

*Appeal from Warren District Court.*—Hon. Lorin N. Hayes,
Judge.

Saturday, February 15, 1913.

From an order denying a temporary writ of injunction,
the plaintiff appeals.—*Affirmed.*

*O. M. Brockett,* for appellants.

*Berry & Watson,* for appellee.

Ladd, J.—The plaintiffs are the sole residuary legatees
and devisees under the will of Nancy B. McIntosh, deceased,
admitted to probate August 13, 1910, and the defendant is
the executor of the estate left by her. Prior to her death a
contract was entered into by decedent and defendant in words
following:

This memorandum of agreement is to witness that
whereas, O. C. Brown has rendered me valuable assistance
in the management of my farm during the past seven years,
and has attended to renting the same for me, and has attended
to making the repairs on the same and collecting the rents
from year to year, and has advised me during said time in
all business affairs only a part of which he has been paid for,
and whereas, it is necessary that I retain him in my employ
as my attorney and legal adviser in my affairs and in the
management of my farm as heretofore, and whereas, I have
executed my last will and have appointed said O. C. Brown
my executor therein, now therefore, in settlement for his
said services and in consideration for said future services and
also in consideration of his acting as said executor of my last
will, I hereby promise and agree for myself, my heirs and
executor that he shall have five per cent. of all property of
which I may die seized, the same to be paid to him in cash,
six months after the date of my death, and the said O. C.
Brown is not to charge any additional amount as commission
as such executor's services. Signed June 25, 1909. Nancy
B. McIntosh. O. C. Brown.

On September 5, 1911, defendant filed his claim for $1,250 as owing him under this agreement, and on the same day E. B. Dowell was appointed special administrator to act thereon. Service of notice that this claim would come on for hearing and determination September 18, 1911, was acknowledged by the special administrator on the following day, and November 6, 1911, this action was begun, alleging facts as recited, that the stipulated compensation is greatly in excess of the reasonable value of services rendered deceased and fees to which defendant would be entitled as administrator, that he concealed said contract from plaintiffs until same was filed, thereby obviating objections to his appointment which they would have interposed, and that said contract is inequitable and voidable, if not absolutely void, for that it was concealed as stated, was procured of decedent when relationship of attorney and client existed, stipulates for compensation other than that prescribed by law, and for compensation which is grossly excessive. It is alleged, further, that prosecution of the claim would delay the settlement of the estate which but for it is ready for settlement, that its prosecution at law would entail great expense, and that plaintiffs have no plain, speedy, and adequate remedy at law. Plaintiffs prayed that defendant be temporarily restrained from prosecuting his claim in the probate court, and, on final hearing, the contract be canceled and for other equitable relief. The court found that, as jurisdiction over the claim had attached in the probate court, the grounds relied on for relief would be available as defenses to proceedings on the claim, and for this reason denied the temporary writ of injunction prayed.

The ruling of the trial court is sound. In this state, though proceedings in probate are distinguished from others, they are had in the same court. *Tucker v. Stewart*, 121 Iowa, 714.

Such proceedings when to establish claims are at law. *Mosher v. Goodale*, 129 Iowa, 719; *Hendron v. Kinner*, 110 Iowa, 544. One court will not restrain another court which

has complete jurisdiction of the matters in controversy, and can afford adequate relief. *Smith v. Short,* 11 Iowa, 523; *Dubuque & S. C. R. Co. v. Ry.,* 76 Iowa, 702; *Maclean v. Wayne Circ. Judge,* 52 Mich. 257 (18 N. W. 396); *Merrill v. Lake,* 16 Ohio, 373 (47 Am. Dec. 377); 11 Cyc. 990. When a court of competent jurisdiction has taken or acquired jurisdiction of a case, its authority continues subject only to appellate authority until the matter is finally disposed of, and no co-ordinate authority is at liberty to interfere with its action. The principle is essential to the proper and ordinary administration of justice, and, though its observance might be required on grounds of judicial comity and courtesy, it does not rest on such consideration alone, but is enforced to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and of process. That the action sought to be enjoined is pending in the probate court does not obviate the application of the rule, provided the jurisdiction is concurrent, and the probate court vested with authority to afford adequate relief. *Hause v. Hause,* 57 Ala. 262; *Pitkin v. Pitkin,* 7 Conn. 315 (18 Am. Dec. 111.) Illustrations of grounds for equitable interference appear in *Young v. Brown,* 75 Ga. 1, and *Gould v. Hays,* 19 Ala. 438. Every allegation of the petition pleaded as a ground of equitable relief may be set up by way of defense to the claim in the probate court, and the same presumptions and rules of evidence obtain in the one as in the other. No reason, then, appears for not adjudicating the rights of the parties notwithstanding the relationship of attorney and client in the court first acquiring jurisdiction of the subject-matter. It is not pretended but that the special administrator will interpose as defenses to the claim the grounds now urged for equitable relief, and, were it otherwise, the court, upon proper application, will see to it that those entitled to the estate are afforded opportunity of making such defenses as may be necessary to the protection of the estate.

The court rightly declined temporarily to· enjoin the proceedings in the probate court.—*Affirmed.*