# Jack's Estate.

*Decedents' estates—Claims—Evidence—Findings of fact—Auditor—Orphans' court—Discretion—Abuse.*

The appellate court will not reverse findings of fact by an auditor, confirmed by the orphans' court, on which are based an allowance against a decedent's estate for moneys expended for board,

doctor, nurse and undertaker, where such findings are based on sufficient evidence, and no abuse of discretion is made to appear.

Argued October 3, 1922. Appeal, No. 154, Oct. T., 1922, by Mary N. Tinthoff, from decree of O. C. Lawrence Co., March T., 1921, No. 47, O. C. A., dismissing exceptions to auditor's report, in estate of George W. Jack. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to report of M. J. Kraus, Esq., auditor.
The opinion of the Supreme Court states the facts.
Exceptions dismissed. Mary N. Tinthoff, a legatee, appealed.

*Error assigned,* inter alia, was decree, quoting record.

*William McElwee, Jr.,* for appellant.

*A. Martin Graham,* of *Cunningham & Graham,* and *Martin & Martin,* for appellee.

PER CURIAM, January 3, 1923:

This is an appeal from a decree of the orphans' court affirming the report of an auditor, who allowed the claims here in question.

The auditor found, inter alia, the following facts: George W. Jack, a bachelor, who had lived, practically all his life, in New Castle, Pennsylvania, died January 26, 1918, at Miami, Florida, leaving an estate of $68,-631.15. December 12, 1917, being stricken with illness, Jack entered a hospital in New Castle; and, shortly after, desiring to go to Florida for his health, he was advised by his physician that he ought not to make the trip alone; hence, he persuaded an old friend, Charles H. Van Fleet, and his wife, to cancel previous reservations and accompany him. January 1, 1918, they arrived in Jacksonville, Florida, where the Van Fleets

visited friends, while Jack stayed at a hotel; after a few days, the invalid desired to go farther south, and the Van Fleets took him to Miami, where they all stayed at the Hotel Urmey. Jack's condition growing steadily worse, Van Fleet summoned a doctor and nurse, who served the decedent constantly until he died. On the patient's death, the doctor, following instructions given him by Jack, notified Van Fleet, who had returned to Jacksonville; the latter came at once to Miami, found Jack's body at an undertaker's, ascertained the cost of a casket and general preparation for shipment of the body, and wired Samuel Foltz, president of decedent's bank in New Castle, asking that a draft for either $2,500 or $1,275 be honored for this purpose. Foltz replied: "I cannot authorize expenditure $2,500. I think $1,275 best plan." Van Fleet adopted the suggestion, and had the remains prepared for shipment; then he telegraphed Foltz to honor draft for $1,275, which the banker refused to do without authority from the executors named in decedent's will, and the latter notified Van Fleet to ship the body provided the cost did not exceed $300; but, despite these directions, Van Fleet at once left Miami, bringing the remains to New Castle, where the sisters of deceased objected to such an expensive casket, and had the body transferred to a cheaper one. After Jack's burial, a will, later than the one above referred to and naming an executor different from either of those mentioned in the first, was discovered, and admitted to probate.

Van Fleet paid the bills of the hotel, doctor, nurse and undertaker in Miami,—all of which were found by the auditor to be reasonable under the attending circumstances,—and claimed to recover from decedent's estate the money so laid out, as well as minor incidental expenditures; a number of legatees under Jack's will objected to these claims, which nevertheless were allowed by the auditor and the court below. One of the legatees, Mary N. Tinthoff, has filed the present appeal.

After examining the testimony and considering the argument of appellant's counsel, we are not convinced of error in the findings or abuse of discretion in the allowance of the claims.

The assignments of error are overruled and the decree is affirmed; costs to be paid out of the estate.