IN RE ESTATE OF JOHN EWING.

LILLY FUNERAL HOME, Appellant, v. IOWA-DES MOINES NATIONAL BANK AND TRUST COMPANY, Administrator, Appellee.

No. 46452.

JUNE 6, 1944.

C. B. Stull and E. D. Stull, both of Des Moines, for appellant.

Cosson, Stevens & Cosson, of Des Moines, for appellee.

Oliver, J.— John Ewing died intestate, February 28, 1942, in Des Moines, Iowa, leaving as his sole heirs five brothers and five sisters, all adults. After his death, one of his brothers arranged with claimant appellant, Lilly Funeral Home, for the funeral services. Thereafter, appellee, bank and trust company, was appointed administrator in the district court of Polk county. April 3, 1942, appellant, funeral home, filed a preferred claim for $509.50 for said services.

August 27, 1943, appellant, funeral home, applied for an order citing the administrator to show cause why its claim should not be *allowed in full* at once and paid. Hearing upon this application was set for September 7, 1943. August 30, 1943, the administrator filed what is designated as "Final Report," which contained, among other things, a list of claims filed in the estate, requested instruction as to the payment of the respective claims, and asked the court to order hearing thereon and that all claimants whose claims had not been allowed be directed to appear and be put upon strict proof of their respective claims or that the same be denied. Pursuant to court order, hearing was had upon the report and various claims, including the claim of appellant, September 7, 1943.

The "Order On Final Report," made after said hearing, recites, in part:

"The Court finds that the claim of Lilly's Funeral Home in the amount of $509.50 for services in connection with the funeral of John Ewing, deceased, was duly filed as a preferred

claim in the office of the Clerk of this Court. The filing of the claim and the value of the services is not challenged but for the purpose of this finding is admitted but the Court allows said claim in the amount only of $309.50, which amount is allowed as a preferred claim. The Court finds that the services were furnished by Lilly's Funeral Home without any order or approval of Court and without any order or request by the Administrator or any Special Administrator. The Court further finds that said estate is insolvent; that because of the insolvency of the estate and because of no request or order on behalf of any person in authority, to-wit: the Administrator, Special Administrator or upon request and approval of the Court, any amount in excess of $309.50 is excessive and should, therefore, be disallowed. The Court, therefore, as before stated, allows the claim of Lilly's Funeral Home in the amount of $300.00 for services in connection with the funeral plus Iowa Sales Tax of $5.00 and cash advanced for newspaper notices in the amount of $4.50, making a total of $309.50. If said amount of $309.50 shall be accepted by Lilly's Funeral Home as full payment for its claim, the Administrator is hereby directed to pay said amount to said Lilly's Funeral Home immediately.''

Decedent was engaged in the trucking business. His net income for the year 1941 appears to have been approximately $2,930. The administrator's report showed and the parties stipulated that decedent's personal assets consisted of a checking account ($480.11), accounts receivable, three used Ford trucks upon which there were liens (net value $269.35), defense bonds $37.50; total personal estate, $944.46. His real estate consisted of two city lots, mortgaged for $400. Later, these lots were sold for $1,800 to pay debts of the estate. The gross estate was $2,788.46.

At the time of his death he owed the $400 mortgage, plus interest, about $350 in taxes, and more than $1,250 in general obligations, or a total of more than $2,000. Hence, his net estate was approximately $700 or $800. Although Ewing was not insolvent, his net estate was small and was faced with insolvency by reason of expense to be incurred for administration, funeral, and monument. Administration and incidental expenses include premium on bond $35, court costs $51.05, $300

each to the administrator and its attorney, $100 commission for sale of real estate, and other disbursements for abstract of title, care of real estate, interest, etc. They total about $900. This amount, added to the funeral bill, as allowed, makes a total of about $1,200. Hence, estate liabilities exceed assets and general creditors will suffer loss.

Section 11969, Code of Iowa, 1939, states, in part:

"As soon as the executor or administrator is possessed of sufficient means over and above the expenses of administration, he shall pay off the charges of the last sickness and funeral of deceased * * *."

I. Appellant points out that the value of the funeral services was conceded and that the administrator had sufficient funds above the cost of administration to pay its bill. It contends that, under the foregoing statute, these were the only elements to be considered and that the court erred in refusing to order the claim paid in full.

The rule relative to funeral charges is thus stated in Foley v. Brocksmit, 119 Iowa 457, 458, 93 N. W. 344, 345, 60 L. R. A. 571, 97 Am. St. Rep. 324:

"Such charges are not, strictly speaking, debts due from the deceased, but charges which the law out of decency imposes upon his estate. And, so far as these are reasonable in amount, they take legal priority of all such debts; as, likewise, do the administration charges. A decent burial should comport with the social condition of the deceased and the amount of his fortune. Justice to creditors, as well as to one's surviving family, demands, however, that there should be no extravagant outlay to their prejudice. If due regard to the character and social or public standing of the deceased requires a more costly funeral, public or private liberality should defray the additional cost."

The rule is thus stated in 21 Am. Jur. 570, section 333:

"Amount of Expense. The cost and amount of the funeral expenses and burial of a decedent should in all cases be reasonable and correspond with his circumstances and social condition, including his station in life and the value of his estate. It is

also proper to consider whether the rights of creditors are involved and also the probability of the solvency of the estate, for justice to creditors, as well as to one's surviving family, demands that there be no extravagant outlay to their prejudice.''

See, also, 33 C. J. S. 1229, 1232, section 230; 34 C. J. S. 135, 137, section 384; Kistner v. Iowa State Board of Assessment and Review, 225 Iowa 404, 408, 280 N. W. 587, 589.

It is clear that in addition to the elements of the value of the funeral services and the cash on hand to pay the same there is another element involved in this case, to wit, the propriety of the charges considered in the light of the circumstances and social condition of decedent, the value and condition of his estate, and the rights of creditors.

II. Although the record is not clear on this point, it appears that appellant's claim merely set out its bill, and asked its allowance as a preferred claim. Apparently, appellee filed no pleading. Code section 11961 provides:

''Claims deemed denied. All claims filed, and not expressly admitted in writing signed by the executor or administrator, with the approbation of the court, shall be considered as denied, without any pleading on behalf of the estate, but special defenses must be pleaded.''

The case was tried to and decided by the trial court upon the theory that the value of the services was admitted. The only controverted issue was the propriety of the charge, considering the value of the estate and the station and condition in life of decedent. Was the burden upon claimant to plead and prove this issue as a part of its case or was this an affirmative defense to be pleaded and proved by appellee? It would seem, upon principle, that the propriety of the charges was as much an essential element of the claim, which claimant must plead and prove, as was the monetary value of such charges. And this appears to be the general rule.

34 C. J. S. 819, 827, section 774, thus states the rule concerning the pleading:

''Claims for funeral expenses. A complaint in an action for funeral expenses of the decedent must allege that the amount

sought to be recovered is a reasonable amount in view of all the circumstances. An allegation of facts showing the reasonableness of the amount claimed may, however, be sufficient. At any rate, a defective statement as to the reasonableness of the amount claimed may be cured by allegations of the answer."

The rule concerning the burden of proof is thus stated in 34 C. J. S. 842, 844; section 781:

"* * * where the claim is for funeral expenses, and the issue of excessive charges is raised, claimant must show that the charges were reasonable in the light of the extent and condition of the estate, and proof of an agreement to furnish such services and of the value thereof is not sufficient."

21 Am. Jur. 904, section 946, states:

"Thus, an action to recover for funeral expenses must allege that the amount sought to be recovered is a reasonable amount in view of all the circumstances."

Generally speaking, the burden of pleading and proving an issue go together. The party who is required to plead an issue has the burden of proving that issue.

Golden Gate Undertaking Co. v. Taylor, 168 Cal. 94, 101, 141 P. 922, 925, 52 L. R. A., N. S., 1152, Ann. Cas. 1915D, 742, states:

"The amount to be charged to the estate cannot exceed such sum as may, upon a consideration of all the circumstances, including the station of the decedent and the value of his estate, be found to be proper and reasonable. (Woerner on Administration, 2d ed. secs. 359, 360.) These considerations would govern the probate court in passing upon a charge made by the executor or administrator for funeral expenses incurred by him. The court would not be controlled by the amount actually expended, even though such amount would afford only a proper compensation to the undertaker for the services rendered, but would inquire into the circumstances and conditions in order to ascertain whether such amount was reasonable and proper to be charged against the particular estate. The same considerations must apply where the person furnishing the services is suing the

executor in an action like the present one. It follows that, in order to state a cause of action in such a case, the complaint must contain proper allegations designed to show that the amount sought to be recovered is a reasonable and proper charge against the estate in view of all the circumstances, so far as they could with reasonable diligence be ascertained at the time of the burial.''

In re Estate of Purefoy, 256 Ill. App. 523, holds that the undertaker must show the services were suitable to decedent's condition in life.

Goeth v. McCollum, Tex. Civ. App., 94 S. W. 2d 781, holds that if the question is raised, claimant must show the charges were reasonable considering the value and condition of the estate of decedent.

Section 11962, Code of 1939, provides that claimant shall not have the burden of proving a claim is unpaid. It has been suggested that this provision makes the foregoing authorities inapplicable. We need not discuss the effect of this statute upon the question of the burden of proof of payment. It is sufficient to say that the statutory provisions do not refer to the burden of proving any other issue. Had the legislature intended to abrogate the general rules concerning the burden of proof in trials of contested probate claims, it doubtless would have done so in appropriate language.

We conclude the question of the propriety of the charges was not a special defense and that the burden was upon appellant to plead and prove such propriety rather than upon the administrator to plead and prove their impropriety. However, it is the rule in this state that technical rules of pleading are not strictly applied in proceedings in probate involving claims. Soppe v. Soppe, 232 Iowa 1293, 8 N. W. 2d 243. In this case, the parties and the court recognized that the issue was the propriety of the charges. Hence, assuming that appellant did not sufficiently plead this issue, such defect would not have been fatal. Of course, its failure to plead the issue would not relieve appellant of the burden of proving it.

■ III. Appellant contends the record required a holding that its charges were proper considering the station in life of decedent and the condition of his estate. Apparently, the trial

was somewhat informal. The record is presented to us on an agreed statement of facts which leaves much to be desired.

It indicates that decedent was engaged in the trucking business; that he was making a moderate living; that he was not insolvent but that his net estate was so small it was rendered insolvent by funeral and probate expenses; and that a $15 marker was placed upon his grave.

Decedent's occupation, though legitimate and respectable, does not, in and of itself, tend to indicate that decedent had a higher social standing than persons in various ordinary walks of life. The absence of proof to the contrary would justify an inference that his station in life was comparable to his financial status. That a $15 marker for his grave was considered appropriate also might be considered as some indication of his social status.

The record warrants the conclusion that appellant failed to sustain the burden of proving the propriety of its charges. Such evidence as has been presented to us would be sufficient to sustain an affirmative finding of impropriety. We conclude we should not disturb the order of the trial court disallowing the claim in part.

IV. Appellant complains of a statement in the court's order that the disallowance was "because of the insolvency." Perhaps additional words similar to those used in some of the cited authorities would have been preferable, but the word "insolvency" does illuminatingly epitomize the limited record in this case.

Complaint is also made of a statement that the services were not requested by an administrator or approved by the court. Approval by the court of a proposed agreement for funeral services would be tantamount to a finding that it was reasonable and proper, but, generally speaking, an estate is liable for reasonable and proper funeral charges although not ordered by its legal representative. However, we do not think the criticized language constitutes serious error.

V. The order refers to the $309.50 "as full payment for its claim." That there may be no basis for misunderstanding, the order is modified to provide that payment of that amount by the estate shall extinguish its liability, without prejudice to appel-

lant's rights to proceed against others for the unpaid balance, if the facts warrant. Otherwise, it is affirmed.—Modified and affirmed.

GARFIELD, MULRONEY, MANTZ, and BLISS, JJ., concur.

WENNERSTRUM, MILLER, and HALE, JJ., and SMITH, C. J., dissent.

WENNERSTRUM, J. (dissenting)—I am unable to agree with the majority opinion and therefore respectfully dissent.

The proceedings that are involved in this appeal are in the nature of a law action, inasmuch as proceedings in probate to establish claims are at law. McIntosh v. Brown, 159 Iowa 41, 43, 139 N. W. 926. This court's consideration of this appeal should require us to consider it as we would such an action.

The record discloses that there were no pleadings other than the claimant appellant's application for citation of the administrator to show cause why its claim should not be paid, the final report of administrator, and the order approving the report. As far as the record discloses, there was no evidence presented in connection with the court's consideration of the claim. It is true that the trial court might properly take judicial notice of the probate records of the estate. However, I do not believe there is sufficient in those records to advise the court as to the decedent's station in life and his general circumstances and social conditions.

It is my conclusion that, inasmuch as this matter was before the probate court as a law action on the allowance of a claim for funeral expenses, a defense to the claim on the ground that the charges were unreasonable, considering the circumstances and social condition of the decedent, including his station in life and the value of his estate, would be a special defense which would have to be pleaded and proved.

By virtue of section 11961, 1939 Code of Iowa, a claim would be at issue unless the administrator or any other interested party desired to plead a special defense. In re Estate of Tiernan, 232 Iowa 139, 142, 4 N. W. 2d 869, 871.

This would be true in connection with a law action wherein consideration is given to objections to a final report growing

out of the payment of a funeral claim which is considered excessive and unreasonable. I see no reason why such a holding would not apply in the matter which is submitted to the court for direction in an administrative proceeding and which, under the record, is in the nature of a law action. The stipulation and the final report which is therein referred to do not disclose that there was any special defensive pleading filed by the administrator to the effect that the appellant's claim was excessive. and the charges unreasonable, as the appellee now contends in this court. If the administrator desired to make such a contention in the trial court that was his privilege but it should be necessary for him to do so by appropriate pleading and proof.

The *reasonableness of the value* of funeral services rendered should be upon the claimant and with that portion of the majority opinion I can concur. In the present case, the question as to the reasonableness of the value of the funeral services rendered is not involved inasmuch as it has been stipulated that the value of the funeral expenses was admitted. However, there remains the further question as to the claimed unreasonableness of the services, keeping in mind all the factors that can and should be given consideration. It is my conclusion that where such a contention is made it is incumbent upon the administrator or any other objector to plead this fact and support it with proper proof. The administrator did not do this, inasmuch as he filed no pleading in the trial court questioning the allowance because of the excessiveness of the expenditures by reason of the decedent's station in life, and presented no evidence.

As previously stated, it is my conclusion that it is incumbent upon the claimant undertaker to prove the value of his services, but I cannot agree with the majority opinion that the burden is also on the claimant in this case to plead and prove the reasonableness of the services under all the circumstances that might be presented. I think this is a special defense and that the administrator should have the burden of proving the unreasonableness of a claim, considering the decedent's station in life, for the reasons heretofore stated. I would reverse the trial court and remand the case for proceedings in keeping with this dissent.

Smith, C. J., and Miller and Hale, JJ., join in this dissent.