IN RE ESTATE OF DAVID H. BECK.

ETHEL NORMA BRIGGS, Appellee, v. WINNIE MAXWELL, Administratrix, Appellant.

No. 47236.

(Reported in 32 N. W. 2d 217)

MAY 4, 1948.

Nichols & Nichols, of Sidney, for appellant.

Grover W. Brown, of Shenandoah, for appellee.

OLIVER, J.—Claimant was a niece of decedent. Decedent survived his wife nine years. During that period they lived in the same neighborhood and claimant furnished him approximately three meals per week and his laundry. About once per week he came or was brought to her home in an intoxicated condition. When intoxicated he had no control over his natural functions. At such times claimant cared for him and frequently was required to clean his person and garments and her house. The court allowed claimant $1,447.20 for the foregoing items and $30 for rent of ground occupied by decedent's trailer house. Other parts of the claim were disallowed.

Appellant does not complain of the finding of the court that claimant furnished decedent the services and items in question, nor of the amount allowed therefor. Nor does she contend claimant and decedent were members of the same family so as to entitle the estate to the benefit of the presumption which ordinarily arises, that services such as are usually performed by one member of a family for another are gratuitous. See In re Estate of Talty, 232 Iowa 280, 5 N. W. 2d 584, 144 A. L. R. 859, and citations.

However, she asserts the record does not support the judg-

ment. She contends it shows without substantial conflict that the services were rendered and received without the expectation or intent of either party that payment was to be made therefor. With this contention we cannot agree. It overlooks the rule that ordinarily, where one person performs services for another which are known to and accepted by him, the law implies a promise to pay therefor. In re Estate of Talty, supra; In re Scully v. Scully's Executor, 28 Iowa 548; In re Estate of Larsen, 235 Iowa 57, 15 N. W. 2d 919. Moreover, there was evidence tending to prove decedent intended to pay claimant and that claimant expected to be compensated.

 Appellant contends other circumstances shown in the record conclusively prove the services were gratuitous. She argues claimant's failure to keep books of account showing the items and charges is inconsistent with the testimony claimant expected payment. Appellant cites Equitable L. Ins. Co. v. Crosley, 221 Iowa 1129, 265 N. W. 137. There the transactions occurred in the course of a business in which accounts were regularly kept. Here, as in most cases of this nature, claimant kept no books of account. See Peterson v. Johnson, 205 Iowa 16, 212 N. W. 138. That did not require the inference she did not expect payment. Another circumstance argued is that during this period claimant borrowed $200, gave deceased her note therefor and subsequently paid the note. The giving of a promissory note ordinarily raises a rebuttable presumption of the settlement of all existing demands between the parties. J. I. Case Threshing Mach. Co. v. Fisher & Aney, 144 Iowa 45, 52, 122 N. W. 575; In re Estate of Hill, 230 Iowa 189, 198, 297 N. W. 278; In re Estate of Kahl, 210 Iowa 903, 906, 232 N. W. 133; 15 C. J. S. 776, Compromise and Settlement, section 51b(2). The trial court considered this and found it was rebutted by other facts and circumstances. At most it merely created a conflict in the record which the court resolved in claimant's favor. The findings of the trial court are supported by substantial evidence. Hence they will not be disturbed upon appeal.—Affirmed.

MULRONEY, C. J., and BLISS, HALE, GARFIELD, WENNERSTRUM, MANTZ, SMITH, and HAYS, JJ., concur.