EDGAR D. FINKLE, Appellee, v. MELVIN L. FINKLE, Executor, Appellant.

No. 47240.

(Reported in 32 N. W. 2d 807)

JUNE 15, 1948.

Haupert & Robertson, of Marshalltown, for appellant.

J. L. Mowry and M. C. Farber, both of Marshalltown, for appellee.

OLIVER, J.—The claim covers the period from 1925 to decedent's death in 1944. Decedent and claimant were second cousins. Decedent had lost a leg and was partially incapacitated. He owned nineteen rental houses, many lots, some sold on installment contracts, and an improved business corner, all in Marshalltown. He also owned a house in Iowa Falls and a farm in Illinois. Between 1942 and 1944 he purchased four additional rental houses in Marshalltown.

Twenty-six witnesses for claimant testified to the nature, extent and value of his services rendered decedent during the twenty-year period, in renting houses, collecting rents, making repairs, cleaning, scrubbing and fumigating vacant houses, calcimining walls, repairing and fitting screens and screen doors, repairing, burning out and cleaning chimneys, removing ashes and debris, hauling materials to workers, shoveling snow, caring for lawns, chauffering decedent in claimant's car and in decedent's car in Marshalltown and on trips to various places in Iowa and to Illinois, assisting decedent with his accounts and book work, locating, inspecting and arranging for and handling the purchase of houses by decedent, and other services connected with the operation and maintenance of decedent's properties. Various check stubs and receipt stubs in claimant's handwriting and checks to others written by claimant and signed by decedent were in evidence. There was evidence of frequent telephone calls by decedent to claimant, at claimant's home and elsewhere, in which directions were given or messages left for claimant's attention to these matters; that decedent referred inquiries and complaints to claimant for attention, saying, "Call on Edgar" (claimant); "If there is anything you need there, you tell Edgar"; "Edgar did his chore work, he had him around to do his work"; and directing tenants to pay rent to claimant and that decedent frequently said to claimant after the completion of some task, "Thanks until you are better paid."

The claim was for $7,400. The trial court found claimant, at decedent's request, performed services for decedent as a general utility man during the period claimed but that the proof as to the amount of services rendered during the earlier years was unsatisfactory and the estimates of witnesses covering that period should be materially reduced. The court held

the law implied a contract to pay the reasonable value of the services, which it found was $1,100 from 1925 to 1937; $546 from 1937 to 1940; $780 from 1940 to 1943; and $1,152 from 1943 to November 1944. Decedent was credited with $100 paid claimant and claimant was allowed $3,478.

By stipulation the appeal was limited to two points: (1) That claimant had not proved his claim as required by law by competent witnesses, evidence or proof. (2) That claimant did not render services by contract or otherwise, under circumstances entitling him to payment.

■■ I. This appeal is not triable de novo. The findings of fact have the effect of a special verdict. Rule 334, Rules of Civil Procedure. Upon this phase of the appeal the question is whether the findings were supported by substantial evidence. Where the evidence is merely in conflict the findings will not be disturbed. Hence we need not consider conflicting evidence nor circumstances pointed to by appellant as warranting inferences contrary to claimant's contention. In re Estate of Beck, 239 Iowa 655, 32 N. W. 2d 217. Appellant contends the evidence as to dates, kinds and amounts of services rendered was too indefinite to support the findings. In claims of this nature extending over a term of many years this court has not been inclined to be overly strict upon these points. See Peterson v. Johnson, 205 Iowa 16, 23, 212 N. W. 138. Claimant was, of course, handicapped in making proof because he was not competent to testify to personal transactions with decedent. Soderland v. Graeber, 190 Iowa 765, 775, 180 N. W. 745.

■ No individual witness for claimant testified to all the transactions. Most of them were able to testify to a few only. But the evidence of the twenty-six witnesses, pieced together, did show the services, the approximate times when they were rendered and their reasonable value. True, the proof of parts of the claim was less definite and satisfactory. However, the trial court denied recovery upon these. We conclude the evidence was sufficient to support the findings as to the services and their reasonable value.

■ II. The law is well settled in this state that where one renders valuable services to another who accepts the same,

and who is not a member of the same family, an obligation to pay therefor will be implied. In re Estate of Talty, 232 Iowa 280, 5 N. W. 2d 584, 144 A. L. R. 859; In re Estate of Beck, 239 Iowa 655, 32 N. W. 2d 217. Furthermore, in this case there was evidence of statements by deceased indicating he intended to pay claimant. The record amply supports the finding there was an implied contract to pay the fair value of the services.

III. Appellant contends claimant was not "entitled to judgment after creating a fatal variance by pleading quantum meruit and proving contractual relations." The answer is there was no variance between the claim and the proof. The claim recited the estate owed claimant $7,400 "on account of services performed, work and labor done at the special instance and request of decedent * * *." There was no allegation of express contract or agreement fixing the rate or amount of compensation. Nor was there any evidence of express contract relative to the services or to compensation. The trial court found there was an implied contract to pay the reasonable value of the services. We have already affirmed that finding.

It is true that, generally speaking, one who pleads an express contract fixing his compensation may not recover the reasonable value of his services on the theory of implied contract or vice versa. Maasdam v. Estate of Maasdam, 237 Iowa 877, 24 N. W. 2d 316, considers this rule and cites and analyzes many Iowa decisions bearing thereon. See, also, 17 C. J. S., Contracts, section 569. The Maasdam case held the rule was not there applicable because there was no fatal variance. Here there was no variance. In Sammon v. Roach, 211 Iowa 1104, 1105, 235 N. W. 78, 79, cited by appellant, "the compensation was, in each instance, fixed absolutely by the several contracts." That case and similar decisions relied upon by appellant involve actual variances between the pleadings and the proofs and hence are not here in point.—Affirmed.

All JUSTICES concur.