JETTIE BOSSEN, appellee, v. ANNA MARGUERITE HOSTETTER, appellant.

No. 48049.

(Reported in 55 N.W.2d 281)

1242

OCTOBER 14, 1952.

Newport, Bybee & Wine, of Davenport, for appellant.

Dudley C. Lowry, of Davenport, for appellee.

OLIVER, J.—The original claim filed September 7, 1950, was merely a statement for nursing care, board and room, etc., furnished by claimant for the decedent, Maude DeWitt, from May 29, 1949, to January 26, 1950, as follows:

| | |
|---|---|
| 34½ weeks at $30 per week | $1035.00 |
| Payments (itemized) | 190.00 |
| Balance due | $845.00 |

July 30, 1951, an amended claim was filed containing the same statement for $845 with an alternative claim for $2000 based upon an alleged oral agreement by Miss DeWitt to pay claimant $5 per week for her services and to make her the beneficiary in a $2000 insurance policy on the life of Miss DeWitt.

August 2, 1951, leave having been given claimant to amend her claim to conform to the proof, a second amended claim for $845 based upon the same items was filed in two counts.

Count I alleged an oral agreement between Miss DeWitt and claimant that if claimant would furnish Miss DeWitt board, room, household services and practical nursing in claimant's home, claimant would be paid $5 per week and would be made the beneficiary in a policy insuring Miss DeWitt's life or would be compensated in full for her services from the estate of Miss DeWitt after the latter's death. Claimant alleged she furnished the services for thirty-four and one-half weeks and the reasonable

value thereof was $30 per week; that claimant was not given the proceeds of the life insurance policy or any other remuneration except $190, as set out in her statement, and that the sum of $845 was due her from decedent's estate.

In Count II claimant alleged she furnished Miss DeWitt the services for thirty-four and one-half weeks, the reasonable value thereof was $30 per week, claimant had been paid $190, and $845 was due and owing her as shown by the itemized statement, which was the same as that attached to the original claim.

The trial court allowed the claim in the sum of $845 with interest. The executrix appeals.

I. The amended claims were filed after the expiration of the six-month period of limitations provided by section 635.68, Code of Iowa, 1950. The executrix moved to strike or to dismiss them on the ground they constituted different causes of action from the original claim and hence were barred by the statute. Error is assigned to the orders overruling these motions.

The order on the motion to strike the first amended claim need not be considered because that claim was superseded by the second amended claim.

The original claim was merely a statement of the items of the account. Each count of the second amended claim is for the same items and in the same amount as the original claim. Count II of the amended claim sets out the identical statement and states the charge of $30 per week is the reasonable value of the services furnished. Count I is founded on the same account. Although it does not specifically so state it is based upon the reasonable value of the services furnished. It differs from the original claim only in that it recites an oral agreement by Miss DeWitt to pay claimant $5 per week and make her the beneficiary in the insurance policy or compensate her for her services. Count I does not demand the insurance policy or its value or damages. It demands only the unpaid balance of the account for services.

The trial court correctly held the second amended claim was not barred by the statute. An amendment to a claim against an estate which is germane to the claim as originally stated, and which does not destroy its substantial identity or sub-

stitute a new and different demand, will not deprive the claimant of the advantages of his original filing. In re Estate of Howell, 179 Iowa 969, 973, 162 N.W. 231; Chariton National Bank v. Whicher, 163 Iowa 571, 145 N.W. 299; Wise v. Outtrim, 139 Iowa 192, 117 N.W. 264, 130 Am. St. Rep. 301; Sarchfield v. Hayes, 112 N.W. 1100, not reported in Iowa Reports.

■ II. Error is predicated upon the asserted failure of claimant to sustain the burden of proof. The record shows claimant was a practical nurse and had been earning $40 per week. She occupied an apartment with her husband. Miss DeWitt, who was not related to her, desired to live with claimant. There was evidence Miss DeWitt agreed to pay claimant $5 per week and also to make claimant the beneficiary in a life insurance policy or that she would "make it right" with claimant—"She said she had insurance * * * and she would see that Mrs. Bossen would be taken care of after that. Mrs. Bossen relied on that." Miss DeWitt was unable to secure possession of the insurance policy from her niece and did not make claimant the beneficiary.

The Bossen apartment was too small to accommodate Miss DeWitt and themselves and they were required to secure an additional apartment. Shortly after she came to live with claimant Miss DeWitt became ill and so continued for much of the time until her death thirty-four and one-half weeks later. In addition to furnishing Miss DeWitt board and room and other household services, claimant waited upon her and thus furnished her with the services of a practical nurse. While Miss DeWitt was at her home and under her care claimant was unable to carry on her work for others as a practical nurse. The last month or two Miss DeWitt required almost constant attention. A witness testified she said, "I'll make it right with her, she will never be sorry." There was other evidence along this line. The reasonable value of the board, room and services furnished Miss DeWitt was testified to be $30 per week.

■ The only evidence offered against the claim was a letter written, apparently for claimant, a short time prior to the death of Miss DeWitt. However, claimant testified she did not know or agree with contents of the letter. The trial court considered all the evidence, including the letter and claimant's testimony,

and found the claim had been established. This appeal is not triable de novo. Under R. C. P. 334 the findings of fact have the effect of a special verdict. Finkle v. Finkle, 239 Iowa 783, 786, 32 N.W.2d 807. At this point the only question is whether the findings are supported by substantial evidence. We hold the evidence is ample for that purpose.

Other errors assigned by appellant have been considered and found to be without substantial merit.—Affirmed.

All JUSTICES concur.