IN RE ESTATE OF MARY E. KNEEBS.

PARKER M. CHASE, appellee, v. MORNINGSIDE STATE BANK, administrator, appellant.

No. 48743.

(Reported in 70 N.W.2d 539)

1054

JUNE 7, 1955.

Free & Free, of Sioux City, for appellant.

Raymond S. Hill and Hanna & O'Brien, both of Sioux City, for appellee.

THOMPSON, J.—This appeal comes to us upon a meager record. There appears only the appellee's claim against the estate of Mary E. Kneebs, deceased, the appellant-administrator's objections, and the court's findings of fact, conclusions of law, and ruling and judgment allowing that part of the claim based upon the payment by the claimant of the funeral expenses and a fee to the minister. Other items set up in a later filed amendment to the claim were disallowed because filed too late and so barred by the statute of limitations; but the claimant has not appealed from that part of the judgment and we give it no further consideration.

I. The printed record shows no evidence offered by either party. The trial court in its findings says: "The court was requested by the parties to determine the validity of said claims from matters disclosed in the probate files of said estate, and no evidence on the accuracy of said claims was presented to the court. As the record stands only a legal question is tendered to the court for determination."

 The probate files are not before us, except for the claim and the objections thereto. There is, however, one matter which requires some comment. There appears in the record, covering more than ten pages thereof, what purports to be a copy of the findings of fact and conclusions of law and the decree and judgment in a case tried in the Woodbury County District Court, captioned Nettie L. Kneebs by Beatrice Eik, her guardian, plaintiff, vs. June Chase and Parker M. Chase, defendants. The copy of the proceedings in the latter case shows it to have been an action to set aside a deed given by Mary E. Kneebs a few days before her death to June Chase, the wife of the claimant herein. It also appears that the deed was set aside on the grounds of mental incapacity, fraud in procuring it, and perhaps of lack of consideration.

Much of the argument of the parties here, particularly of the appellant, is based upon the ruling of the court in this action to set aside the deed and the matters set out in its findings of fact. We do not consider these to be properly before us. The record as a preliminary to setting out the trial court's findings in the case last referred to recites only: "On the 19th of August, 1954, the administrator filed as administrator's Exhibit 1, in the' case of Nettie L. Kneebs by Beatrice Eik, her guardian, plaintiff, vs. June Chase and Parker M. Chase, defendants, the court's Findings of Fact and Conclusions of Law, as follows:". Then comes the several pages of the court's ruling and judgment.

Whether these findings, conclusions and decree would have been admissible in a hearing on appellee's claim we need not determine. They were not offered in evidence, and so far as we can determine were not considered by the trial court. It is recited that the court was requested to determine the validity of the claim from the probate files, and "no evidence on the accuracy of said claims was presented to the court." The record in an entirely different proceeding such as the action to set aside the deed was no part of the probate files in the estate of Mary E. Kneebs. We are not told where the papers in the equity action were filed, and they could not be made a part of the proper probate files even though filed there. We conclude no part of the action to set aside the conveyance, if such action there was,' is before us.

1056

II. This leaves only the claim and the objections, unsupported on either side by any evidence, for our consideration. The trial court was requested to make its determination from the matters disclosed by the probate files. But since these are not set out in the record except for the claims and the objections thereto, we must assume these were the only material matters appearing therein; at least, that there was nothing which aided appellant-administrator's cause.

The question of the burden of proof therefore becomes important. The objections to that part of the claims which was allowed and which is the only subject of this appeal raised nothing more than the contention that the payment of the funeral expenses and the honorarium to the minister was voluntary on the part of the claimant; that he was not liable therefor; that "he voluntarily paid said sum and is now estopped to collect the same from this estate." The appellant's statement of issues, errors assigned, and brief points and argument all revolve around this question. No claim is made that the amount paid by the appellee for the funeral expenses and the $10 paid to the minister were not reasonable charges, suitable to the deceased's station in life; so that while these were matters upon which the burden of proof was upon the claimant (see In re Estate of Ewing, 234 Iowa 950, 954, 955, 956, 14 N.W.2d 633, 635, 636) under the familiar rule that we consider only the errors assigned and argued, we have no concern with questions of reasonableness or suitability. Rule 344(a)(4)(Third), Iowa Rules of Civil Procedure; Waterloo Savings Bank v. Waterloo, Cedar Falls & Northern Railroad, 244 Iowa 1364, 1376, 1377, 60 N.W.2d 572, 579, and cases cited.

It is also well settled that a trial of a claim in probate is by ordinary proceedings, and the court's findings of fact have the effect of a special verdict. The matter is not triable de novo upon appeal, and the trial court's findings must stand if supported by substantial evidence. Bossen v. Hostetter, 243 Iowa 1241, 1245, 55 N.W.2d 281, 283; Finkle v. Finkle, 239 Iowa 783, 786, 32 N.W.2d 807, 808.

Returning to the only question made by the pleadings and the record upon appeal, we conclude the burden was upon the administrator to establish that the payment of the two items

which form the basis of the appellee's claim was voluntary within the meaning of the law so that appellee was not entitled to recover his outlay from the estate. Ordinarily expenses of the funeral of a deceased are recoverable from his estate, section 635.65, Code of Iowa, 1950. It is stipulated that the estate with which we are concerned here was solvent. Section 635.57 of the Code provides that: "* * * special defenses must be pleaded." The appellant here, apparently recognizing the rule, pleaded the defense of voluntary payment. That it was a special defense seems clear. We have held the defense of family relationship must be pleaded, In re Estate of Talty, 232 Iowa 280, 284, 5 N.W.2d 584, 586, 144 A. L. R. 859, and authorities cited; and likewise that the defense that a note which forms the basis for a claim was made on Sunday is not available unless specially alleged as a defense, In re Estate of Rule, 178 Iowa 184, 194, 159 N.W. 699, and cases cited. The defense of voluntary payment is clearly in the same category, and the appellant does not contend otherwise. It was required to be, and was, specially pleaded.

The significance of the foregoing discussion relates to the burden of proof and is particularly important because of the meagerness of the record we have before us. We have held that ordinarily the burden of pleading and proof rests upon the same litigant. "Generally speaking, the burden of pleading and proving an issue go together. The party who is required to plead an issue has the burden of proving that issue." In re Estate of Ewing, supra, 234 Iowa 950, 955, 14 N.W.2d 633, 635.

III. It is apparent the burden of proving the special defense pleaded was upon the pleader, that is, the appellant-administrator. All the record shows is that the claimant-appellee paid to the Anderson Funeral Home the sum of $775 on November 8, 1951, for Miss Mary Kneebs, and that on the same date he paid Reverend Forrester $10. The only reason given by the administrator why the claim should not be paid is that it was voluntary; a pleading, in fact, in confession and avoidance. The burden being upon the pleader, it was incumbent upon it to show that the payment was in fact voluntary to the extent that the appellee was an interloper or intermeddler, was not required to pay the claim and was not liable for it.

It may be conceded that under many circumstances one who pays the debt of another to a third party may not recover his payment from the original debtor. The appellant cites Gronstal v. Van Druff, 219 Iowa 1385, 261 N.W. 638, and other authorities to this effect. We accept their doctrine, but do not find it applicable here. The record leaves us uninformed whether the payment was in fact entirely voluntary. We do not know the relationship between the claimant and Mary E. Kneebs. We are not told whether she had relatives to arrange for her funeral or whether the claimant did it as a matter of grace so that she might be properly and timely buried. We do not know whether he had incurred a personal liability for the undertaker's bill and the sum paid the minister. Some of this information may be contained in the purported copy of the record in the action to set aside the alleged fraudulent conveyance; but we have pointed out this was not offered in evidence and is not properly before us.

It is not always that one who pays a debt for which he is not personally liable, or who makes himself so liable when he need not, is barred from recovery from the original debtor. This seems particularly true when the debt paid is a funeral bill. Various courts have commented upon the fact that deceased persons must be promptly buried, and it is not always possible to wait until all the niceties of liability can be adjusted. Thus, in Smolka v. Chandler & Son, Inc., 41 Del. (2 Terry) 255, 261, 20 A.2d 131, 133, 134, 134 A. L. R. 629, it is said: "The funeral of a deceased person is a work of necessity, as well as of charity and piety. It is the duty of an executor or administrator to bury the deceased in a manner suitable to his degree and the circumstances of the estate; and if this duty is performed by the personal representative, *or indeed by another not officiously but from necessity*, the law implies a promise of reimbursement out of the assets of the estate for the reasonable expenses incurred and paid; * * *." (Italics supplied.)

To the same effect is this language in In re Estate of Hincheon, 159 Cal. 755, 763, 116 P. 47, 50, 51, 36 L. R. A., N.S., 303: "It is not questioned by the respondents that money paid for funeral expenses by one not acting officiously, if reasonable, considering the estate of the deceased and the circumstances surrounding the death and burial, will be repaid by the estate to the party paying

them. \* \* \* This is a proper, and, indeed, a necessary rule in view of the fact that the burial must often be provided for before an executor or administrator can be appointed."

To much the same effect are In re Jack's Estate, 275 Pa. 405, 119 A. 474, In re Kirschstein's Estate, 213 Minn. 1, 4 N.W.2d 633, and In re Tangerman's Estate, 226 App. Div. 162, 235 N.Y.S 213.

We ourselves have said: "It does not mean that the husband or any other person who may have properly paid them [the funeral expenses] shall not be reimbursed by the estate. If such other person had paid them, no one would doubt the duty of the estate to reimburse him."

The appellee and apparently the trial court relied much on this statement. It may be well to point out the qualifying word "properly" in the foregoing quote, which is from Truax v. Ellett, 234 Iowa 1217, 1225, 15 N.W.2d 361, 365. The reference to another person was, in fact, dictum, since only the right of the husband to reimbursement was involved; and the dictum must be read, as it is stated, to mean that the payment must be a proper one—that is, not voluntary within the definition of the word and the meaning of the cases which hold such a payment may not be recovered.

But we have, in Truax v. Ellett, supra, recognized by persuasive dictum, that a third person who pays a funeral bill under proper circumstances may recover it from the estate. There may be a real necessity, there may be a relationship, perhaps not of the blood but of friendship or business, there may be an absence of relatives able or willing to act, which justifies arrangements for a funeral service being made by someone who, under different circumstances, would be a mere officious intermeddler. Each case must turn upon the facts shown. Here, with the duty upon the administrator to show that the appellee was such an intermeddler so that his actions were in fact voluntary within the meaning of the pleaded defense, we are constrained to hold that the burden has not been carried.

IV. It is urged by the appellant that the claimant may not recover because he does not come into court with clean hands. There is nothing to support this contention except the supposed copy of the court's findings of fact and decree in the action to

set aside the deed above referred to. Since we have held this, not being offered in evidence, was not before the trial court and is not before us, we give no further attention to appellant's argument at this point.—Affirmed.

All JUSTICES concur.