IN RE ESTATE OF EFFIE H. ROGERS.

W. A. BROWN, claimant-appellant, v. GUY W. JONES, administrator cum testamento annexo of estate of Effie H. Rogers, appellee.

No. 48828.

(Reported in 72 N.W.2d 454)

OCTOBER 18, 1955.

Cameron & Dickinson, of Eldora, for appellant.

John F. Wirds, of Iowa Falls, and Lundy, Butler & Lundy, of Eldora, for appellee.

HAYS, J.—Action in probate to recover for services rendered to decedent during her lifetime. Claimant alleged that at decedent's instance and request he lived in her home and took care of her, she being an invalid, from March 1945 until her death in May 1954; that the fair and reasonable value of such services is $3000. The estate interposed various defenses, alleging payment; the services were gratuitous; and the statute of limitations. Trial was to the court without a jury. The court found that the claim had been fully compensated for and dismissed the claim. Claimant appeals.

No important conflict as to the facts appears in the record. Claimant, a retired railroad employee, age 86, had lived with decedent and her husband in Boone, Iowa, starting in 1925. Following Mr. Rogers' death Mrs. Rogers, the decedent, moved to Eldora, Iowa. In 1944 claimant moved to Eldora and lived in Mrs. Rogers' home until her death. At that time he received both room and lodging for which he paid $30 per month. In 1945 Mrs. Rogers suffered a stroke which left her partially paralyzed. She lived some months with a daughter in the daughter's home. Claimant continued to live in the Rogers home. Thereafter she returned to her own home where she remained until her death in 1954. The record clearly shows that during this time claimant took care of her, acting both as nurse and housekeeper. It appears that at the time of her death, claimant had in his possession $500 belonging to decedent. This he turned over to the administrator with Will Annexed a few days after his appointment. Claimant, as a witness for the estate, testified that he paid Mrs. Rogers $30 a month for board and room until she had her stroke; that after she came back from her daughter's she reduced it to $15 for bedroom, which he paid until her death. The record shows the following question and answer: "Q. And state whether or not the reason for the reduction from thirty to fifteen was because of her condition? A. The condition she gave me the reduction on was I done the work, cooking and preparing our meals and helping her." So far as the record shows, no other arrangements were ever made or even discussed by them.

This appeal is not heard de novo; and, where the evidence is in conflict, the findings of fact have the effect of a

special verdict and will not be disturbed on appeal. Finkle v. Finkle, 239 Iowa 783, 786, 32 N.W.2d 807. The question here is one of fact; not as to the services having been rendered, as we think this must be conceded, but as to whether or not payment had been made. The record amply substantiates the court's finding in holding there was a definite sum to be paid for the services, i.e., a reduction in the monthly payments from $30 to $15. Claimant performed the services. He received the $15 per month reduction. The decision of the trial court must stand. See Carlin v. Day, 181 Iowa 903, 165 N.W. 172.

█ In passing we might note that there appears to be a fatal variance between the pleadings and proof. As to pleading quantum meruit and the proof showing an express contract, or vice versa, see Maasdam v. Estate of Maasdam, 237 Iowa 877, 24 N.W.2d 316; Finkle v. Finkle, supra; Lautenbach v. Meredith, 240 Iowa 166, 35 N.W.2d 870.

Finding no error the judgment of the trial court is affirmed. —Affirmed.

OLIVER, C. J., and BLISS, GARFIELD, WENNERSTRUM, SMITH, THOMPSON, and LARSON, JJ., concur.