James D. STOCKTON and Nancy P. Stockton, Appellants,

v.

SHELTER GENERAL INSURANCE CO., f/d/b/a MFA Mutual Insurance Company, Appellee.

No. 90–0952.

Court of Appeals of Iowa.

Sept. 24, 1991.

Bruce D. Fleming of Pogge, Root, Fleming & Tinley, Council Bluffs, for appellants.

Lyle W. Ditmars of Peters Law Firm, P.C., Council Bluffs, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

OXBERGER, Chief Judge.

In the fall of 1978, plaintiffs resided at 1107 Ash, Council Bluffs, Iowa. Their property was insured by MFA Mutual Insurance Company through a policy plaintiffs purchased from MFA's agent, Frank Shaughnessy. On November 30, 1978, plaintiffs purchased a new residence located at 2011 7th Avenue, Council Bluffs. Plaintiffs testified each had oral conversations with Frank Shaughnessy at that time about obtaining fire coverage on the 7th Avenue residence. Shaughnessy assured them "he would take care of it" and plaintiffs' 7th Avenue residence would be covered. Shaughnessy did not mention any particular company for coverage, nor were any written documents ever prepared or executed. Plaintiffs assumed coverage would be a transfer of their existing MFA policy.

The plaintiffs' house was damaged by fire in the spring of 1979 in the approximate amount of $25,000. Shortly after the fire, plaintiffs contacted the office where Shaughnessy had worked and learned Shaughnessy had died of cancer and there was no fire coverage for their 7th Avenue house. MFA refused plaintiffs' demands to provide coverage.

Almost nine years later plaintiffs filed their petition seeking to recover their fire loss from MFA. MFA raised a number of affirmative defenses relating to the statute of limitations and a contractual prohibition against bringing actions later than one year after a claimed loss. In its judgment, the district court declined from deciding the merits of these defenses. Rather, the court looked to the evidence, and concluded that although plaintiffs proved Shaughnessy was MFA's agent, they failed to show he did not also sell policies for other insurance carriers. Thus, the court reasoned, plaintiffs failed to prove Shaughnessy was acting as MFA's agent at the time he orally represented he would obtain fire coverage for them. "It was possible, but it was also possible Shaughnessy was acting for another carrier." Plaintiffs appeal.

We review for correction of errors at law. Iowa R.App.P. 4. Defendant MFA Insurance (now Shelter Insurance) contends the statute of limitations on this action has expired. Iowa Code section 614.1(4) provides that any action on an oral contract must be commenced within five years. There was no written documentation of the alleged new policy or of the Stocktons' meetings with Shaughnessy. The trial court, however, determined the governing statute must be Iowa Code section 614.1(5), which allows ten years to bring action on a written contract. The Stocktons had an existing written contract with the defendant and had taken reasonable steps to obtain one for their new property. Furthermore, it would be unfair to allow MFA to take advantage of the fact that Shaughnessy died before creating written documentation.

On the other hand, Iowa Code section 515.138 provides that any action against an insuror will be commenced within twelve months after loss. The trial court correct-

ly denied MFA's motion to dismiss on this issue, in light of a factual dispute as to whether Shelter waived that defense. The trial court did not, however, resolve this issue in its judgment. We agree that section 614.1(5) is controlling, provided Shelter's affirmative defense of section 515.138 was indeed waived.

We also find the Stocktons sustained their burden of proof that Shaughnessy was an agent of MFA Insurance. Shaughnessy was listed in the city directory as such, offered business cards stating so, and actually sold to the Stocktons an MFA policy covering their Ash Avenue residence. We disagree, however, it is also the Stocktons' burden to prove Shaughnessy was not acting as an agent for another company.

The Stocktons had prior dealings with Shaughnessy as an agent for MFA, and Shaughnessy represented himself to them as nothing other than an MFA agent. There is absolutely no reason for the Stocktons to have thought he was acting otherwise. We find merit in the argument that the new policy promised to the Stocktons might not have been with MFA, but the evidence clearly indicates the Stocktons had no reason to expect anything other than an MFA policy. MFA raised this argument in its defense, and therefore bears the burden of proof. *In Re Estate of Ewing,* 234 Iowa 950, 955, 14 N.W.2d 633, 635 (1944). MFA, furthermore, is in a better position to obtain and offer evidence to support this argument than are the Stocktons.

We, therefore, remand to the trial court to resolve the issue of whether MFA waived the affirmative defense of Iowa Code section 515.138, and, if so, MFA must then bear the burden of proving Shaughnessy also sold policies for other insurance carriers.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.